Jorge Nuñez PABON, Plaintiff,

v.

COTTON STATE MUTUAL INSURANCE CO. and Commercial Insurance Company, Defendants.

Civ. No. 209–60.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 16, 1961.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Rafael Pastor, Santurce, P. R., for defendants.

RUIZ-NAZARIO, Chief Judge.

This action was tried on the merits, before the court, without a jury, on May 25, 1961.

After hearing the evidence at said trial, the court found from the bench that the two vehicles involved in the accident in which the plaintiff suffered damages were equally negligent, that the owners and operators thereof were joint tort-feasors and that both defendants as insurers of such joint tort-feasors were jointly liable to the plaintiff for the damages he suffered on account of said accident.

The court, nevertheless deferred its decision as to the amount to be awarded to the plaintiff for his damages and as to the motion to dismiss filed by the defendant Cotton State Mutual Insurance Company on April 26, 1961, until after its consideration of the briefs to be filed by counsel within 10 days thereafter on the question of damages.

Said briefs have been submitted and the court is now duly advised in the premises to render a decision herein.

I.

The motion to dismiss.

This motion was filed by the defendant Cotton State Mutual Insurance Company on April 26, 1961.

It is exclusively based in Sec. 31 of the Workmen's Compensation Act of Puerto Rico, as amended (11 L.P.R.A. § 32), said defendant's contention being that the present action was prematurely brought pursuant to said section, and must be therefore dismissed, because the final decision of the Manager of the Workmen's Compensation Fund was rendered on June 18, 1960 and the complaint herein was filed on August 17, 1960, i. e. before the expiration of the period of ninety days from said final decision, as provided in the aforesaid Section of the Act. (11 L.P.R.A. § 32).

This same question was raised in Waterman Steamship Corporation v. Rodriguez, 1 Cir., 1961, 290 F.2d 175 where the action in this court had been filed not only before the expiration of said 90 day period but even before any decision had been rendered by the Manager of the State Fund.

There, the defendant did not file its motion to dismiss the suit until after the decision of the Manager of the State Insurance Fund had been made and became final. It permitted the suit to continue to pend after that date without having any objection to it on the ground of prematurity.

The Court of Appeals for the First Circuit affirmed this court's ruling denying said motion to dismiss.

Here, plaintiff's position is still more meritorious. This action was filed two (2) months after the final decision of the Manager of the State Insurance Fund. Defendant Cotton State Mutual Insurance Company permitted this action to continue to pend without having made any objection to it on the ground of prematurity at any time within the 90 day period and its motion was not filed until long after the pendency of the action had become timely.

The 90 day period expired on September 18, 1960. Said defendant's motion to dismiss was not filed until April 26, 1961.

The fact that the Manager of the State Insurance Fund may have filed

another action in the courts of the Commonwealth, does not bind this court to surrender its jurisdiction in the present action.

The aforesaid motion to dismiss must be, therefore, denied on the authority of Waterman Steamship Corporation v. Rodriguez, supra, and it is so ordered.

## II.

The damages.

### ■ 1. Loss of earnings.

The uncontradicted evidence is to the effect that plaintiff, at the time of the accident, was a Sergeant of the Puerto Rico State Police and that his salary was $232.00 per month. He did not work for a month as a result of his injuries.

Although the Commonwealth of Puerto Rico paid him his salary for said month, plaintiff is, nevertheless, entitled to recover from the defendants as damages for loss of earnings the full amount of said month's salary, amounting to $232.00.

See: Reyes v. Aponte, 60 P.R.R. 867, 872–873; Pereira v. Commercial Transport Co., 70 P.R.R. 609, 613–614; Goose v. Hilton Hotels, (Spanish Edition) 79 D.P.R. 523, 526, 532–534.

### ■ 2. Medical Expenses.

The evidence shows that the only disbursement incurred by the State Insurance Fund, which the plaintiff is bound to reimburse to said agency, is the amount of $205.00 paid to the Dental Surgeon Dr. Ricardo Pesquera.

Dr. Pesquera testified that the reasonable value of his services was, at least $75.00 higher than the amount of $205.00 paid to him by the Fund according to the schedule of rates contractually agreed upon between him and the Fund.

However, there was no evidence whatsoever tending to establish, that as regards the additional $75.00 which Dr. Pesquera testified he could have reasonably charged for his services, but which he never charged or collected, that it was his intention to charge it off as a gift or gratuity to the plaintiff.

This is not the situation where a person entitled to make a charge for services, or to deduct unearned salaries, fails to make any charge or deduction out of mere direct generosity to the person otherwise liable for said charge or discount.

Here, Dr. Pesquera charged $205 because he was contractually bound to make such charge only and not because of any other consideration directly touching the plaintiff.

Therefore, plaintiff is only entitled to recover, as damages representing medical expenses, the aforesaid amount of $205.00.

### ■ 3. Permanent Disability.

The evidence establishes, without contradiction, that plaintiff, on account of the accident involved herein, suffered the following permanent disabilities:

(a) Loss of three central teeth.

(b) An atrophy of the quadriceps muscles of the thigh.

(c) Permanent swelling of the knee.

Although the evaluation of these permanent damages is not an easy task, the court finds that in consideration of the permanent inconvenience resulting from the use of false teeth, particularly when these are the central teeth, and the hyper and hypo sensitivity to heat and cold developed thereby, as well as the residual impairment of the quadriceps muscles and the swelling of the knee, which lasted for a year and a half after the accident, an award of $3,500.00 on this item of damages is moderately reasonable and must be included in the judgment herein.

### ■ 4. Pain and suffering.

This item must be considered only with regard to the two months which immediately followed the happening of the accident.

The court finds that under the evidence adduced at the trial this item of damage must be evaluated in the amount of $2,000.00 and an award for this

amount will be included in the judgment as part of the damages suffered by the plaintiff on account of the accident in question.

■ 5. Attorneys fees.

The court believes it is unnecessary to consider its power to award the plaintiff attorneys fees under the law and the Rules of Civil Procedure of the Commonwealth of Puerto Rico, rule 1 et seq., 32 L.P.R.A.Appendix.

This is not the appropriate case for indulging in the consideration of the interesting questions on the subject discussed by counsel in their briefs herein.

The granting of attorneys fees as part of the judgment pursuant to said statutes and rules is made dependent on a finding or conclusion by the court in the sense that the party against whom said attorneys fees may be imposed as a part of the judgment, "has acted with obstinacy".

Here, the Court would not be authorized to make any such finding or conclusion.

The plaintiff, in his complaint, requests an award of damages in the amount of $100,000.

Under the decisions of the Supreme Court of Puerto Rico, construing the aforesaid statutes and rules a defendant cannot be found to have acted "with obstinacy" when the plaintiff grossly exaggerates his claim for damages as has been done by the plaintiff herein in his complaint.

Moreover, from the respective answers of the two defendants it plainly appears that the real purpose of each one's defense is to impute and charge the negligence of the other as the proximate cause of the accident, rather than deny that it happened and that plaintiff was injured and suffered some damages in consequence thereof.

Therefore plaintiff is not entitled to any award for attorney's fees, even if said Commonwealth's statutes and rules were applicable and enforceable in this Court.

Counsel for the plaintiff is directed to submit within a period of 15 days from the date of notice of this memorandum opinion, proposed findings of fact, conclusions of law and form of judgment in accordance therewith, serving copy thereof to counsel for the two defendants, who shall have a period of ten days to submit amendments or objections thereto.