**Josefina RIVERA ESCOBAR, et al., Plaintiffs,**

v.

**PARKE DAVIS AND CO., et al., Defendants.**

Civ. No. 86–1736 (JAF).

United States District Court, D. Puerto Rico.

Oct. 21, 1987.

Alvaro R. Calderón, Jr., San Juan, P.R., for plaintiffs.

Charles P. Adams, Brown, Newsom & Cordova, San Juan, P.R., for defendants.

**OPINION AND ORDER**

FUSTE, District Judge.

Josefina Rivera Escobar and her husband, Juan Suárez, have filed this action[1] against Parke Davis and Co., officers and directors of Parke Davis Laboratories, and their insurers, as responsible third parties for injuries that Rivera allegedly suffered in the course of her employment. Rivera was employed by Parke Davis Laboratories, Inc., formerly Partab Co., during the period she was allegedly injured.

It is stated in the complaint that Rivera's workmen's compensation claim is still pend-

---

1. Jurisdiction is based upon diversity of the parties pursuant to 28 U.S.C. sec. 1332.

ing before Puerto Rico's Industrial Commission.[2] The case is before us on defendants' motion to dismiss, based upon prematurity of the action or, in the alternative, laches, in that the alleged injuries occurred nearly seven years ago.

### I.

Rivera left her position in 1981. From the face of the complaint, it appears that the injury occurred somewhere between 1970 and 1977. In order to ascertain specific facts necessary to the resolution of the pending motion, we requested from plaintiffs various documents and information pertaining to the nature of Rivera's injury and her case before the Industrial Commission. The documents reveal the following:

It appears that Rivera filed two cases before the Fund. The first, the "headache case", filed on April 7, 1980 (No. 80–59–607–6), claimed that headaches she suffered were caused by the protective masks that she had to wear over her nose and mouth while she worked. The Manager of the Fund found no causal relationship and ordered the case closed. On appeal, the Industrial Commission revoked the Manager's decision. The case was finally closed on May 3, 1982.

The second action, the "allergy case", was filed on December 14, 1982, listing the date of "accident" as May 8, 1981. The final decision of the Manager of the Fund, issued on July 14, 1986, found Rivera cured and without any incapacity. The Industrial Commission, following the recommendation of the consulting allergist, initially confirmed the decision of the Fund on June 15, 1987.

### II.

The applicable section of the Act, 11 L.P.R.A. sec. 32, provides:

Third party liability; subrogation

In case where by injury, the professional disease, or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been caused under circumstances making a third party responsible for such injury, disease, or death, *the injured workman or employee or his beneficiaries may claim and recover damages from the third party responsible for said injury, disease or death, within one year following the date of the final decision of the case by the Manager of the State Insurance Fund,* who may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action in the following manner: ....

In addition, it further provides:

*Neither the injured workman* or employee nor his beneficiaries *may institute any action, nor may compromise any cause of action they may have against the third party responsible for the damages until after the expiration of ninety days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund.* (Emphasis added).

The plaintiffs' complaint does not specify the nature of the injuries which gave rise to the cause of action. We can only assume that they are only those which are the subject of the allergy case, because a third-party suit arising from the headache case would be time-barred under section 11. Additionally, the allergy case is the only one which appears to be still pending.

Plaintiffs are correct that, based upon the above, Rivera's cause of action is not time-barred in that the statute of limitation will not begin to run until a final decision finding for Rivera is issued.

The latter section cited above is equally clear and unambiguous in its terms that the injured party cannot institute an action against a third party until after the expira-

---

**2.** Under the Workmen's Accident Compensation Act of 1935, 11 L.P.R.A. secs. 1–42, as it applies to this case, the employee applies to the State Insurance Fund (Fund) for medical treatment and/or disability benefits, 11 L.P.R.A. sec. 3. If the employee is not satisfied with the decision of the case rendered by the Manager of the Fund, she may appeal before the Industrial Commission, 11 L.P.R.A. sec. 11. Petitions for review of final decisions of the Industrial Commission may be filed with the Supreme Court of Puerto Rico.

tion of the stated ninety-day period. Plaintiffs cite *Alvarado v. Calaiño Romero*, 104 D.P.R. 127 (1975), to support their contention that defendants have no standing to raise the issue of prematurity. We find their reliance is misguided. What the Supreme Court stated in that case actually refers to the nullification of a suit filed prematurely by the employee where the Fund decides to subrogate itself in the employee's action:

> With regard to the workman's action, there is *dicta* to the effect that if it is brought prematurely it is null and void. *Negrón v. Industrial Comm'n*, 76 P.R.R. 282 (1954). If we were to turn such construction into a final doctrine, however, we would not be fully complying with the purposes of the legislation under our consideration. The declaration of nullity would unduly protect the third party, when what is inferred from our statute is the desire to protect the Fund's right to subrogation. We consider that to decide that the complaints filed prematurely are voidable, instead of void is more consistent with the law. Only the Fund may, of course, demand its annulment through the filing in due time of its action of subrogation and the corresponding prayer for declaration of nullity. (Official translation)

■ We hesitate, however, to proceed with such a case under these circumstances. If the Fund in the final instance decides to subrogate itself and annul our actions and/or judgment at that time, then we have violated the precepts of judicial economy, as well as have required defendants to defend the same action twice. Additionally, the question of prematurity has arisen in other contexts, and the courts have indicated that the actions were permitted to go forward because defendants failed to *timely* object on the grounds of prematurity. *See Waterman Steamship Corporation v. Rodríguez*, 290 F.2d 175 (1st Cir.1961); *Pabón v. Cotton State Mutual Ins. Co.*, 196 F.Supp. 586 (D.P.R.1961).

## III.

■ It is well established that, [w]hen a labor accident in which the person only suffers injuries, without death occurring within the term established by law is involved no problem of identification of beneficiary really exists or comes into play; the beneficiary shall be the injured person himself.

Corollary of the foregoing, the prescriptive term of one (1) year to commence an action for damages against the liable tortfeasor provided in art. 1868 of our Civil Code (31 L.P.R.A. sec. 5292) is not affected or suspended in regard to the relatives of an injured person submitted to treatment before the State Insurance Fund since they are not "beneficiaries" under the authority of ... until after the lapse of ninety days from the date on which the decision of the case by the Manager of the State Insurance Fund became final and executory. (Citations omitted; official translation).

*El Día, Inc. v. Superior Court*, 104 D.P.R. 149 (1975). Therefore, since non-beneficiaries may file a claim against a third party at any time after the accident occurs, the statute of limitations as to them is not interrupted by the administrative proceeding and they must file their actions within the period prescribed by statute. *Santiago v. Becton Dickinson & Co., S.A.*, 539 F.Supp. 1149, 1152 (D.P.R.1982); *Franco v. Mayaguez Building*, 108 D.P.R. 192, 195 (1978). Under the Civil Code of Puerto Rico, tort actions have a one-year statute of limitations. Article 1868, Civil Code (1930 ed.), 31 L.P.R.A. sec. 5298. We, therefore, find that plaintiff Suárez' action for mental anguish suffered as a result of his wife's injuries is time-barred.

For the above-stated reasons, the first cause of action is DISMISSED WITHOUT PREJUDICE to refile at the appropriate time under the circumstances dictated by 11 L.P.R.A. sec. 32. The second cause of action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.