Jesus M. PEREZ BONILLA, et al., Plaintiffs,

v.

MANN HOLLY SALES & SERVICE, INC., et al., Defendants.

Civ. No. 89–0978(JP).

United States District Court, D. Puerto Rico.

Jan. 2, 1990.

---

Alvaro R. Calderón, Jr., Hato Rey, P.R., for plaintiffs.

Harry G. Segarra Arroyo, Jiménez & Segarra, San Juan, P.R., for defendant Mann Holly Sales & Service, Inc.

Ulpiano Falcón Matos, Falcón & Fernández, Hato Rey, P.R., Michael J. Charysh, Charysh & Schroeder, Chicago, Ill., for defendant Hollymatic Corp.

### OPINION AND ORDER

PIERAS, District Judge.

The Court has before it co-defendant Mann Holly Sales and Service's Motion to Dismiss the complaint as to Jesús M. Pérez Bonilla based upon prematurity of the action. Plaintiff Jesús Pérez and his parents Carmen Alicia Bonilla Sánchez and Eladio Pérez Martinez and his seven brothers and sisters filed this action against Mann Holly Sales and Service Inc., Hollymatic Corp., and these companies' insurers for the injuries that Pérez Bonilla suffered due to the alleged defective manufacturing of the Mixer Grinding Hollymatic machine. Jurisdiction based on diversity is invoked pursuant to 28 U.S.C. Section 1332.

The co-defendant contends that because the injured workman's case is pending before the State Insurance Fund of Puerto Rico (SIF), his cause of action is premature and must therefore be dismissed without prejudice.

We agree with co-defendant and dismiss without prejudice Jesús Pérez Bonilla's cause of action.

On July 29, 1988, plaintiff Perez, an employee of the Pueblo Xtra supermarket in the Municipality of Caguas, Puerto Rico, was cleaning the Hollymatic machine and began to disassemble the grinder. Upon lifting the lid of the machine, an action which allegedly terminates the electric power, plaintiff reached into the machine to remove some remnants of meat. The machine suddenly restarted and caught plaintiff's arm. As a result of the accident, his entire left arm was amputated.

According to defendant Mann Holly Sales, plaintiff remains under the care of the State Insurance Fund of Puerto Rico and is therefore barred from bringing any cause of action against a third party for

damages until ninety days after the final decision of the State Insurance Fund.

Under the applicable section of the Workmen's Accident Compensation Act of 1935, an injured workman or employee or his beneficiaries may claim and recover damages from the third party responsible for the injury "within one year following the date of the final decision of the case by the Manager of the State Insurance Fund, who may subrogate himself in the rights of the workman or employee. . . ." 11 L.P.R.A. § 32. The act further provides that neither the injured workman or employee nor his beneficiaries "may institute any action . . . they may have against the third party responsible for the damages until after the expiration of ninety days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund." *Id.*

As this district has noted in the past, the section cited above is clear and unambiguous in its terms that the injured party is barred from instituting an action against a third party until after the expiration of the ninety-day period. *Rivera Escobar v. Parke Davis and Co.,* 671 F.Supp. 895, 896–97 (D.P.R.1987).

Plaintiffs, citing *De Jésus Borrero v. Guerra Guerra,* 105 D.P.R. 207 (1976) and *Alvarado v. Calaiño Romero,* 104 D.P.R. 127 (1975), contend that the Supreme Court of Puerto Rico has held that a third party is without standing to raise the issue of prematurity. This argument is based on an erroneous reading of these cases. *De Jésus Borrero* involved the untimely filing of the SIF Manager action for subrogation. The case proceeded before the Superior Court, San Juan Part, and was dismissed by a final and unappealable judgment. However, the action for subrogation was untimely filed because it was filed prior to the final decision of the agency.[1] Therefore, the workman's subsequent complaint against the third party, which was timely filed, could not be dismissed on the grounds of res judicata: the untimely filing of the Manager's complaint was deemed an *ultra vires* act lacking legal efficacy.

In *Alvarado v. Calaiño Romero,* the Supreme Court of Puerto Rico was addressing the issue of the SIF's subrogation rights when an injured workmen has prematurely filed a suit. The Court noted that although there is *dicta* to the effect that a premature suit is null and void, a proper construction of the legislation required the Court to conclude that such an action is voidable. Otherwise, third parties would be unduly protected. Because the statute was enacted to protect the SIF's right to subrogation, only the SIF may demand annulment of the action through the timely filing of its action for subrogation and a corresponding prayer for a declaration of nullity.

In the instant case, the third party, Mann Holly Sales and Services, is not requesting the nullification of the action, but rather dismissal due to the prematurity of the action. Because Pérez Bonilla's action has been prematurely filed, we dismiss the complaint as to him. "[T]he filing of a complaint before the lapse of time prescribed in the act . . . lacks legal efficacy and therefore . . . may be dismissed on the ground that it is untimely." 104 D.P.R. 127, 4 T.P.R. 284, 288.

Wherefore, in view of the foregoing, Pérez Bonilla's cause of action is DISMISSED WITHOUT PREJUDICE, to be refiled at the appropriate time as prescribed by 11 L.P.R.A § 32. The remaining causes of action shall proceed as scheduled.

IT IS SO ORDERED.

---

**1.** Under 11 L.P.R.A. § 32, the Manager of the SIF may institute an action for subrogation against a third party "within ninety (90) days following the date of the final and enforceable decision of the case . . . If the manager should fail to institute action against the third person . . . as provided . . . the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case."