Roberto DÍAZ MOJICA, et al., Plaintiffs,

v.

DANIEL CONSTRUCTION CO., et al., Defendants.

Civ. No. 90–2571 GG.

United States District Court, D. Puerto Rico.

Aug. 12, 1991.

Alvaro R. Calderón, Jr., Ariel O. Caro Pérez, Hato Rey, P.R., for plaintiffs.

De Corral ý De Mier, Charles De Mier Le Blanc, Hato Rey, P.R., for defendants.

## ORDER

GIERBOLINI, District Judge.

Before the court is defendants' motion to dismiss, without prejudice, the action filed by one of the plaintiff on the ground that under Section 32 of the Puerto Rico's Workmen's Accident Compensation Act (the "Act"), 11 L.P.R.A. § 32, plaintiff Roberto Díaz Mojica's action is premature. Plaintiffs oppose defendants' motion by arguing that under Section 32 of the Act, a third-party, such as defendants, has no standing to raise the prematurity of a claim.[1]

## I. BACKGROUND

On June 15, 1990, plaintiff Díaz Mojica was a paramedic for Saint James Security Guard Company. He was assigned to work at the facilities of Eli–Lilly & Co., Inc., in Carolina. The complaint alleges that Díaz Mojica received an electrical shock when he touched an electric cord attached to the motor of an electric gate located at Eli–Lilly's facilities. Defendants installed the electric cord at issue. The complaint alleges that as a result of the electrical shock plaintiff has suffered injuries and he is under treatment at the State Insurance Fund.

## II. DISCUSSION

Section 32 of Puerto Rico's Workmen's Accident Compensation Act of 1935 provides in pertinent part:

**Third Party Liability; Subrogation**

When an injured workman or employee, or his beneficiaries in the case of death, may be entitled to institute an action for damages against a third party in cases where the State Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third party in the name of the injured workman or employee or his beneficiaries, within the ninety (90) days following the date of the final and enforceable decision of the case, and any sum which as a result of the action, or by virtue of a judicial or extrajudicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Manager under the provisions of this section, and it shall be the duty of the Manager to serve written notice on them of such proceedings within five (5) days after the action is instituted.

\* \* \* \* \* \*

Neither the injured workman or employee nor his beneficiaries may institute any action, nor may compromise any cause of action they may have against the third party responsible for the damages until after the expiration of ninety days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund.

11 L.P.R.A. § 32.

In *Santiago Hodge v. Parke Davis*, 909 F.2d 628 (1st Cir.1990), the First Circuit rejected the argument that under Section 32 a claim brought in federal court is premature if brought before the State Insurance Fund has finally adjudicated the matter. The First Circuit interpreted *Alvarado v. Calaíno Romero*, 104 P.R.R. 178, 186 (1975) and *De Jesús v. Guerra Guerra*, 105

---

1. Plaintiffs have also moved for sanctions contending that defendants' motion is frivolous. As further explicated in this opinion, we find that plaintiffs' request for sanctions is totally devoid of merit.

P.R.R. 282 (1976) as clearly disposing of the prematurity argument. We find that *Santiago Hodge* is distinguishable.

The question of whether a plaintiff can sue a third party when the plaintiff has the same claim in the State Insurance Fund awaiting final adjudication has been conclusively resolved.[2] In *Rivera Escobar v. Parke Davis and Co.*, 671 F.Supp. 895 (D.P.R.1987) and *Pérez Bonilla v. Mann Holly Sales & Service, Inc.*, 729 F.Supp. 1410 (D.P.R.1990), the courts interpreted Section 32 to bar as premature a tort action brought by the worker against a third-party tortfeasor when there was a workers' compensation claim pending in the State Insurance Fund. In *Santiago Hodge,* The First Circuit did not mention these previous holdings and plaintiffs' reliance in *Alvarado v. Calaîno Romero* and *De Jesús v. Guerra Guerra* seems misplaced. Neither of those decisions squarely addresses the issue before us. In *Alvarado,* the issue was whether the Fund had lost its right of subrogation for its failure to act within the ninety (90) days prescribed under Section 32. The Supreme Court of Puerto Rico stated that the rights of the third-party were not at issue. 104 D.P.R. at 135. In *De Jesús,* the Supreme Court of Puerto Rico reversed a Superior Court holding stating that a premature action filed by the Administrator of the Fund operated as *res judicata* against a second action. In fact, in the last paragraph of its opinion in *De Jesús,* the Supreme Court states that the worker has to wait ninety (90) days, after the decision of the Administrator of the Fund is final, prior to suing the third-party tortfeasor.

In *López Rodríguez v. Delama,* 102 D.P.R. 254 (1974), the Supreme Court of Puerto Rico explained the various remedies that an injured worker has available under Section 32. The worker may (1) claim from the State Insurance Fund; (2) waive his rights in the Fund and claim directly from the third party responsible for his injuries or; (3) do both things provided that the Administrator of the Fund *does not subrogate himself, and 90 days elapse from the date* the administrative decision becomes final and enforceable. 102 D.P.R. at 257–58.

The above discussion demonstrates that it is clearly established that when an injured workman's case is pending before the Fund, a claim such as this one is premature. Therefore, the cause of action of Roberto Díaz Mojica must be dismissed.

## III. MOTION REQUESTING ORDER

Defendants request that we issue an order to certain persons who are custodians of some of plaintiff's medical record. However, defendants have not argued that the custodians of these records have refused their request or that the plaintiffs are hampering their efforts to discover these records. We therefore fail to see why an order from this court should issue when there is no controversy regarding the inspection of plaintiff's medical records.

## IV. CONCLUSION

In view of the foregoing reasons the cause of action asserted on behalf of plaintiff Roberto Díaz Mojica are hereby DISMISSED WITHOUT PREJUDICE until it can be refiled in accordance with the provisions of 11 L.P.R.A. § 32. The remaining causes of action shall proceed.

Defendants' motion requesting an order is hereby DENIED.

SO ORDERED.

---

2. We note that plaintiffs' law firm has argued the instant Section 32 controversy in all of the reported federal cases. It is in this sense that we find that plaintiffs' argument in favor of sanctions has no merit. It is hereby denied.