**Ida HAKKILA, Plaintiff,**

v.

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.**

No. 89 Civ. 5736 (MGC).

United States District Court,
S.D. New York.

Sept. 27, 1990.

Lynch Rowin Novack Burnbaum & Crystal, P.C. by Paul J. Zoeller, New York City, for plaintiff.

Richard W. Babinecz by Ronald A.P. Rock, New York City, for defendant.

## OPINION AND ORDER

CEDARBAUM, District Judge.

Ida Hakkila sues Consolidated Edison of New York ("Con Edison") for damages for an alleged injury from an electrical shock that she received from a subway grating.

At a pre-trial conference on March 21, 1990, counsel for Con Edison requested an order dismissing this action on the ground that there is no diversity of citizenship between Hakkila and Con Edison and thus no jurisdiction in this court. At my direction, both parties addressed the diversity issue by letter.

There is no dispute that Con Edison, a corporation having its principal place of business in New York City, is a citizen of New York. The disputed question is whether Hakkila is also a citizen of New York as Con Edison contends or a citizen of Alaska as she alleges. For the following reasons, defendant's motion to dismiss for lack of jurisdiction is denied.

## BACKGROUND

The undisputed facts are taken from Hakkila's deposition of January 12, 1990, and her affidavit of April 23, 1990. Hakkila is a twenty-year-old college student. She was born in Alaska and lived there until her parents were divorced when she was five or six years old. At that time, she moved to Connecticut with her mother. Hakkila lived in Connecticut with her mother and at boarding school in Connecticut until she entered college in September of 1987.

Hakkila spent the summer of 1986 in Alaska, and she affirms that at that time she decided she would ultimately return to Alaska and make it her home. She returned to Connecticut at the end of that summer, was graduated from high school there, and lived in Connecticut during the summer of 1987.

In September of 1987, Hakkila enrolled at New York University ("NYU") in Manhattan, and moved into university housing at 75 Third Avenue in Manhattan. Her major at NYU has been in radio. While attending NYU, she held various part-time jobs in Manhattan. These included a work-study job in the NYU Audio Department, working as a salesclerk in a store, and working as a waitress in two local coffee shops. Hakkila spent the summers of 1988 and 1989 in Alaska, although she also was employed in a coffee shop in Manhattan during part of the summer of 1988. In 1988, Hakkila registered to vote in Manhattan. Finally, Hakkila has sworn that she considers Alaska to be her home and intends to go there upon graduation from college.

## DISCUSSION

For independent claims arising under state law, the subject matter jurisdiction of federal courts is limited to suits between citizens of different states and suits between citizens of a State and citizens or subjects of a foreign State. 28 U.S.C. § 1332(a). For the purposes of di-

versity jurisdiction, an individual is a citizen of the state in which she is domiciled. *See Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 163 (2d Cir.), *cert. denied*, 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966). The relevant date is that on which the complaint is filed. *Id.*

It is well established that domicile is not synonymous with residence. *See Mississippi Bank of Choctaw Indians v. Holyfield*, 490 U.S. 30, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989). Rather, the elements of domicile are "residence in fact, coupled with the intent to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *see Spanos*, 364 F.2d at 163.

 In order for an individual to acquire a new domicile, both of these elements, a change of residence and an intent to remain at the new residence indefinitely, are necessary. An old domicile continues, despite a change of residence, until there is an intent to create a new home. *Mitchell v. U.S.*, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1875); *Spanos*, 364 F.2d at 163. The party alleging a change of domicile must prove both elements by clear and convincing evidence. *See Mitchell*, 88 U.S. at 353; *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 243 (2d Cir.1984); *Delaware, L. & W.R. Co. v. Petrowsky*, 250 F. 554, 558 (2d Cir.), *cert. denied*, 247 U.S. 508, 38 S.Ct. 427, 62 L.Ed. 1241 (1918); *Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 603 (S.D.N.Y.1986).

██ This action was commenced on August 25, 1989, when Hakkila was about to begin her third year of college at NYU. Although neither party has shown where Hakkila was residing on that date, it is not disputed that she resided in New York during the school year and in Alaska during the summers. It is also clear that Hakkila was a domiciliary of Connecticut, and not New York, before she entered college. Since a domicile for her in either Connecticut or Alaska provides the necessary diversity of citizenship, I need not decide whether Hakkila changed her domicile from Connecticut to Alaska but only whether Con Edison has met its burden of proving that

Hakkila has acquired a New York domicile. Con Edison has failed to meet this burden.

In order to prove that Hakkila changed her domicile to New York, Con Edison must show that her move to New York involved "the intention to create a new home." *Spanos*, 364 F.2d at 163. Because Hakkila attends college in New York, her move to New York does not show the required intent to remain here indefinitely. Hakkila's enrollment at NYU explains her residence in New York and suggests that this residence is for the limited purpose and duration of her studies.

Although registration to vote in a particular state is a relevant factor in determining domicile, a student's registration to vote in the state of her college does not usually demonstrate a clear intention to make that state her home indefinitely. Courts have consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college, because residence at college is chosen primarily for the short-term purpose of pursuing an education. Thus, in *Everett v. Brief*, No. 82 Civ. 3153, 1985 WL 3563 (S.D.N.Y. Nov. 1, 1985), the court held that plaintiff, a University of Colorado sophomore who came from New York, remained domiciled in New York despite Colorado bank accounts, a Colorado driver's license, and registration to vote in Colorado. *See also Holmes v. Sopuch*, 639 F.2d 431 (8th Cir.1981) (married couple who moved to Ohio for one-year university program did not change domicile); *Alexander v. Trustees of Boston University*, 584 F.Supp. 282, 287 (D.Mass. 1984) (theology student from Ohio retained Ohio domicile despite voter registration in school state); *Lyons v. Salve Regina College*, 422 F.Supp. 1354 (D.R.I.1976) (plaintiff, as student from out of state, presumed to retain domicile of home state despite voter registration in school state).

Hakkila lives in university housing, returns to Alaska during the summers, and has no post-graduation commitments in New York. Her work-study job in the NYU Audio Department and her various part-time employments—working as a wait-

ress and in a retail store—are not steps toward a permanent career in radio in New York. Rather, Hakkila's jobs during college evidence a student's desire to earn money to help fund the expenses of her education.

## CONCLUSION

For the foregoing reasons, defendant Con Edison has not met its burden of proving that Hakkila's residence in New York while attending college constitutes the establishment of a New York domicile. Accordingly, defendant's motion is denied.

SO ORDERED.