**LAS VISTAS VILLAS, S.A., a foreign corporation, Plaintiff,**

v.

**Roger PETERSEN and Alfred Petersen, Defendants.**

No. 90–1359–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 5, 1991.

William Randolph Klein, William Randolph Klein, P.A., Sarasota, Fla., for plaintiff.

Brian S. Keif, Miami, Fla., for defendants.

## ORDER ON MOTION TO CLARIFY RULING ON DEFENDANT'S MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FORUM NON-CONVENIENS, IMPROPER VENUE AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

KOVACHEVICH, District Judge.

### FACTS

1. Plaintiff is a Costa Rican corporation with its principal place of business in Sarasota, Florida. Defendant Roger Petersen is an individual born in Costa Rica to an American father and Costa Rican mother. At the time this action was brought, Defendant resided in Minnesota while he attended law school.

2. Plaintiff brought this action pursuant to 28 U.S.C. § 1332 (1988), alleging diversity jurisdiction. Plaintiff's complaint, filed October 29, 1990, states a variety of counts relating to an alleged oral agreement in which Defendant agreed to purchase land and build a house for Plaintiff in Costa Rica. In addition to a request for accounting, Plaintiff's claims include breach of contract, breach of warranty, fraud and conversion.

3. Defendant Roger Petersen has not answered the complaint, but instead filed motions to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, forum non conveniens, and failure to state a claim upon which relief may be granted.

4. On May 30, 1991, this Court denied Defendant's motion to dismiss for lack of personal jurisdiction, finding that Plaintiff had made a prima facie showing of minimum contacts between the Defendant and the state of Florida to establish this Court's personal jurisdiction over the Defendant.

5. Defendant claims to be a dual citizen of the United States and Costa Rica. However, Defendant's deposition indicates that he has held an American passport and voted in a U.S. Presidential election, and has registered with the U.S. Selective Service.

6. Defendant resides in Minnesota, but has expressed his intention not to remain there. At the time this action was filed, Defendant had made no plans to take the Minnesota bar exam, and had not engaged in a job hunt in Minnesota. Rather, he had begun to seek employment in the southern United States without success. Defendant's affidavit indicates that he will leave Minnesota upon graduation and will go to wherever he secures employment.

7. Defendant is the record owner of real property in Costa Rica. His wife is of Costa Rican origin. Defendant owns no property in the United States.

### DISCUSSION

Before addressing Defendant's other motions, this Court must first determine whether diversity exists between the parties, creating the subject matter jurisdiction necessary under 28 U.S.C. § 1332 for the Court to hear this case.

As the party seeking to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1332, Plaintiff has the burden of proving that complete diversity of citizenship exists between the parties. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 702 (1st Cir.1979). Diversity jurisdiction must exist at the time an action is filed. *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957).

Two provisions under 28 U.S.C. § 1332(a) might support Plaintiff's claim of diversity. Under § 1332(a)(1), a controversy between citizens of different States will satisfy diversity requirements. Alternatively, § 1332(a)(2) grants diversity jurisdiction where the controversy is between citizens of a State and citizens or subjects of a foreign state.

Alienage jurisdiction might arise if Plaintiff corporation were a citizen of Costa Rica, and Defendant a citizen of the United

States. Title 28 U.S.C. § 1332(c) provides that for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." Applying this passage to Plaintiff corporation would indicate that the corporation should be considered both a citizen of the United States and a subject of a foreign state. However, § 1332(d) defines the word "State" to include U.S. Territories, the District of Columbia, and the Commonwealth of Puerto Rico; the implication is that "State" does not refer to a foreign state.

■ This Court is bound by a decision of the former Fifth Circuit which found that, for purposes of diversity jurisdiction, a foreign corporation is a citizen of the U.S. state where it has its principal place of business. *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31 (5th Cir., Unit B, 1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982). Thus, for purposes of this order, Plaintiff should be considered a citizen of Florida. Plaintiff cannot use its Costa Rican citizenship to create alienage jurisdiction between it and a Defendant who is a United States citizen. *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir.1980).

■ Alienage jurisdiction under § 1332(a)(2) could also exist if Plaintiff is a citizen of Florida as shown above and Defendant is a citizen of Costa Rica. Defendant claims that he has dual citizenship in the United States and Costa Rica. When an American citizen is also a citizen of another country, "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir.1980). "Under *Sadat v. Mertes*, dual citizenship does not create alienage jurisdiction." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1075 (6th Cir.1990). Based on the facts presented this Court, Defendant appears to meet the requirements in 8 U.S.C. § 1401(g), § 1431(a), or § 1432(a) (1988) for United States citizenship. In addition, his past acts of registering for the Selective Service, holding an American passport, and voting in a United States Presidential election indicate that he is a United States citizen. The fact that the government of Costa Rica may also recognize his citizenship in that country does not affect this conclusion. Therefore, for purposes of this order, this Court finds that Defendant should be considered a United States citizen. Because Plaintiff must also be considered a United States citizen, there is no alienage diversity jurisdiction.[1]

Where Plaintiff and Defendant are both United States citizens, they will be considered diverse under § 1332(a)(1) if they are citizens of different States. As noted above, Plaintiff corporation is a citizen of Florida, where it has its principal place of business. The remaining issue, therefore, is whether Defendant is a citizen of any state other than Florida.

■ To be a citizen of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Willis v. Westin Hotel Co.*, 651 F.Supp. 598 (S.D.N.Y.1986). State citizenship, or "domicile" for purposes of diversity jurisdiction, is determined by two factors: residence and intention to remain. *Von Dunser v. Aronoff*, 915 F.2d 1071 (6th Cir.1990). Defendant left Costa Rica in 1979 to attend college in the United States. During college vacations, Defendant returned to Costa Rica. Ample evidence indicates that Defendant considered Costa Rica his permanent residence. After graduation from college in 1983, Defendant returned to his family home in Costa Rica. While in Costa Rica, he applied to several U.S. law schools.

In 1988, Defendant was accepted at and entered Hamline University School of Law in Minnesota, leaving his business pursuits in Costa Rica. At the time this action was brought, Defendant was beginning his third year of law school. Defendant

---

1. The only other possible combination would be to find both Plaintiff and Defendant are citizens of Costa Rica. If this were the case, there would be an alien on both sides of this dispute, destroying diversity. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir.1989).

carries a Minnesota driver's license, as well as a Costa Rican driver's license. He travels under a Costa Rican passport, but claims to have had a U.S. passport in the past. Defendant admits he voted in the 1988 U.S. Presidential election. Defendant owns no property in Minnesota, but has rented various apartments during his school attendance. He has expressed his intent to leave Minnesota upon finishing school. Defendant is the record owner of real property in Costa Rica.

■ "Courts have consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college...." *Hakkila v. Consolidated Edison Co. of New York, Inc.*, 745 F.Supp. 988, 990 (S.D.N.Y.1990). Students who reside in a state while pursuing an education can be expected to engage in certain expediencies such as obtaining a local driver's license, opening bank accounts, or having mail delivered to a local address. These acts do not evince an intent to change domicile, where a student has no postgraduation commitment to the state. *Id.*

■ Registering to vote in a national election also does not establish state citizenship for purposes of determining diversity. Although the right of an American citizen to vote is premised upon the rights of state citizenship, *Attorney General of the Territory of Guam v. United States*, 738 F.2d 1017 (9th Cir.1984), *cert. denied*, 469 U.S. 1209, 105 S.Ct. 1174, 84 L.Ed.2d 323 (1985), meeting the residency requirement for purposes of voting in a U.S. Presidential election is not congruent with satisfying the domicile requirement for diversity jurisdiction. "Although the place where one votes has [sic] an important consideration, many trial courts have found domicile, and therefore an intention to remain indefinitely, in a place other than where the party voted." *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir.1972).

■ As the Seventh Circuit held in *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir.1980), a person may not sue or be sued in a diversity case if he or she is a citizen of the United States, but not a citizen of a particular state. *See also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); *Scoggins v. Pollock*, 727 F.2d 1025 (11th Cir.1984). Although Defendant's expressions that he does not intend to remain in Minnesota would be entitled to little weight if they conflicted with objective facts, *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553 (5th Cir.1985), Plaintiff in this case has failed to establish sufficient evidence to overcome Defendant's assertion that his domicile is in Costa Rica. Once an individual establishes his domicile, he remains domiciled there until he legally acquires a new domicile. While Defendant may temporarily reside in Minnesota, this Court finds that his domicile at the time this action was filed was in Costa Rica. *See Steigleder v. McQuesten*, 198 U.S. 141, 25 S.Ct. 616, 49 L.Ed. 986 (1905). Because Defendant is not a citizen of any particular state, no diversity jurisdiction can exist.

## CONCLUSION

Because this Court has no subject matter jurisdiction to entertain this dispute, Defendant's other motions are moot. Defendant's motion for Rule 11 sanctions against Plaintiff's attorney is not supported, because a legitimate question existed as to Defendant's domicile at the time of filing. Accordingly, it is

ORDERED that the Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby GRANTED. All other motions are moot. Plaintiff's motion for sanctions under Rule 11 is hereby DENIED. This Court's prior order, issued May 30, 1991, is VACATED.

Plaintiff shall have 30 days from the date of this order to perfect service against Defendant Alfred Petersen or show cause why this action should not be dismissed against him. The Clerk of the Court is directed to enter judgment in accordance with this Order.

DONE and ORDERED.