**Rafilexie ALICEA–RIVERA, Plaintiff,**

v.

**SINDICATO DE ASEGURADORES PARA LA SUSCRIPCION CONJUNTA DE SEGURO DE RESPONSABILIDAD MEDICO–HOSPITALARIA (SIMED); Roberto Pacheco–Vazquez; Legal Conjugal Partnership Formed by Roberto Pacheco Vazquez and his Wife Jane Doe, Defendants.**

Civil No. 97–1140(JAF).

United States District Court, D. Puerto Rico.

July 15, 1998.

Eric M. Quetglas–Jordan, Quetglas Law Offices, San Juan, PR, for Plaintiff.

Juan Rafael Gonzalez–Muñoz, Gonzalez–Muñoz, & Quiñones–Tridas, San Juan, PR, for Defendants.

### OPINION AND ORDER

FUSTE, District Judge.

Plaintiff, Rafilexie Alicea–Rivera, brings this action against codefendants, Dr. Roberto Pacheco–Vázquez ("Pacheco") and his insurer, Sindicato De Aseguradores Para La Suscripcion Conjunta de Seguro De Responsabilidad Medico–Hospitalaria (SIMED), under Article 1802 of the Puerto Rico Civil Code. Plaintiff alleges codefendant Pacheco committed medical malpractice and injured Plaintiff during surgery on March 30, 1994. Plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332. Codefendants move for summary judgment pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction.

## I.

### Facts

On March 30, 1994, codefendant Pacheco performed a Lefort I horseshoe-type bimaxillary osteotomy on Plaintiff. Following the surgery, Plaintiff developed avascular necrosis, the loss of tissue as a result of an insufficient blood supply, forcing him to undergo further medical treatment.

Plaintiff was born in Puerto Rico and resided there until August 1996, when he left for Ohio to attend college at Cleveland State University. Plaintiff alleges that he moved to Ohio to study and obtain a job, and that he did not intend to return to live in Puerto Rico. While in Ohio, Plaintiff lives with his aunt and uncle and does not pay rent, mortgage, utilities or telephone. On January 24, 1997, the Cleveland State University notified Plaintiff that his request for Ohio residency for tuition purposes was approved effective Winter Quarter, 1997.

In May 1997, Plaintiff and his father leased a car which was registered in the father's name for Plaintiff's personal use. Also in May 1997, Plaintiff gained employment in Ohio on a part-time basis with Roadway Package System ("RPS"). He worked for RPS for one month and nine days until he returned to Puerto Rico from July 4, 1997 to September 10, 1997. Plaintiff returned to Ohio in the Fall of 1997. RPS rehired Plaintiff on September 15, 1997, and Plaintiff continued to work there for two months and six days, until November 21, 1997.

While Plaintiff is registered to vote in Ohio and has an Ohio driver's license, he retains his Puerto Rico driver's license and his voting card from the Puerto Rico Elections Commission. Plaintiff voted in the 1996 Ohio state general elections, but did not vote in the 1996 Puerto Rico general elections. Since August 23, 1996, Plaintiff has had a checking account with Star Bank in Ohio, and his statements are sent to Plaintiff's address in Ohio. Plaintiff has not filed income tax returns in either Ohio or Puerto Rico. Plaintiff maintains a savings bank account with Banco Popular de Puerto Rico in Puerto Rico, and his statements are sent to his parents' home in Puerto Rico.

## II.

### *Issue of Domicile*

■ Federal courts have limited jurisdiction, and statutes which grant jurisdiction must be strictly construed. *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942). This case involves no federal question. Thus, jurisdiction depends solely upon the diversity of citizenship of the parties. Section 1332 of United States Code Title 28 provides federal courts with diversity jurisdiction. 28 U.S.C. § 1332 (1994). Diversity jurisdiction requires complete diversity between all the plaintiffs and all the defendants. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668, 673 (1st Cir.1994). Since statutes conferring diversity jurisdiction must be strictly construed, where a plaintiff's claim of diversity is challenged, the plaintiff has the burden of proof. *Thomson*

*v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *Hawes v. Club Ecuestre El Comandante,* 598 F.2d 698, 702 (1st Cir. 1979).

■ A person is a citizen of the state in which he is domiciled. *Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir.1991); *Rodríguez–Díaz v. Sierra–Martínez,* 853 F.2d 1027, 1029 (1st Cir.1988); *Valedón Martínez v. Hospital Presbiteriano de la Comunidad, Inc.,* 806 F.2d 1128, 1132 (1st Cir.1986). "A person's domicile 'is the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning.'" *Rodríguez–Díaz,* 853 F.2d at 1029 (quoting C. Wright, A. Miller & E. Cooper, 13B FEDERAL PRACTICE & PROCEDURE § 3612, at 526 (1984)). Once diversity jurisdiction is established, it is not lost by a later change in domicile. *Lundquist,* 946 F.2d at 10; *Valedón Martínez,* 806 F.2d at 1132; *Hawes,* 598 F.2d at 701; *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48, 49–50 (1st Cir. 1992).

■ It is the party seeking to invoke the federal court's jurisdiction by asserting change in domicile that has the burden of proving such a change by clear and convincing evidence. *See Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 243 (2d Cir.1984). In other words, a Plaintiff maintains his original domicile until he can prove by clear and convincing evidence that he has changed that domicile. Therefore, in his case, we consider Plaintiff's domicile to be in Puerto Rico unless he can show by clear and convincing evidence that he has changed his domicile.

■ Domicile generally requires two elements: 1) physical presence in a state, and 2) the intent to make such a state a home. *Rodríguez–Díaz v. Sierra–Martínez,* 853 F.2d 1027, 1029 (1st Cir.1988). "The relevant standard is 'citizenship,' *i.e.* 'domicile,' not mere residence; a party may reside in more than one state but can be domiciled, for diversity purposes, in only one." *Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir.1991). The question of citizenship "is a mixed question of law and fact." *Id.*

■ Courts have identified many factors, none of which by itself is controlling, that are relevant to determine a party's domicile. Objective indicia of intent to change domiciliary include:

> [t]he place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment.

*Lundquist,* 946 F.2d at 11 (quoting 1 Moore's Federal Practice ¶ 0.743.3 at 788 (2d ed.1991)). Statements of intent are accorded minimal weight measured against these objective factors. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 556 (5th Cir.1985).

■ Plaintiff filed this complaint on February 6, 1997. For purposes of diversity jurisdiction, citizenship is determined as of the date of the initiation of the lawsuit. *See, e.g., Freeport–McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); *Media Duplication Servs., Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1236 (1st Cir.1991). Therefore, the only relevant factors here are those in existence at the time plaintiff filed this suit on February 6, 1997. Since Plaintiff's physical presence in Ohio is uncontested, the only remaining issue to determine domiciliary is whether Plaintiff has present clear and convincing evidence of his intent to remain in Ohio indefinitely.

We must look at objective indicia to determine intent. During the relevant period, Plaintiff had a checking bank account in Ohio, and had applied for a visa credit card listing Ohio as his permanent address. Plaintiff began studying full time in Ohio in September 1996. In 1996, Plaintiff registered to vote in Ohio, and voted in the 1996 Ohio general elections. In January 1997, Plaintiff obtained a permanent driver's license and identification card from Ohio, and his university notified him that it had approved his request for Ohio residency for tuition purposes.

Although the above provides evidence that Plaintiff is a citizen of Ohio, other factors tilt the balance and compel us to find that Plaintiff is actually a citizen of Puerto Rico. In reaching this conclusion, we look to many factors. Plaintiff did not own or rent any property in Ohio, and did not pay a telephone or utilities bill. Plaintiff did not have any post-graduate commitments in Ohio, or any job in Ohio that would indicate steps towards a permanent career. Rather, Plaintiff's part-time job at RPS seems to reflect a student's desire to earn money to help fund the expenses of his education. *Hakkila v. Consolidated Edison Co. of New York, Inc.,* 745 F.Supp. 988, 990 (S.D.N.Y.1990). While Plaintiff had an Ohio driver's license and was registered to vote in Ohio, this is not conclusive, particularly given the fact that he also had a valid Puerto Rico driver's license and was registered to vote in Puerto Rico. Similarly, the fact that Plaintiff had a bank account in Ohio is not compelling, in light of the fact that he also maintained a bank account in Puerto Rico. The facts simply fail to show that Plaintiff had the requisite intent to remain in Ohio.

Courts have "consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college, because residence at college is chosen primarily for the short-term purpose of pursuing an education." *Hakkila,* 745 F.Supp. at 990. *Murphy v. Newport Waterfront Landing, Inc.,* 806 F.Supp. 322, 324 (D.R.I.1992) (stating that "[s]ince out-of-state students are often located in the state only for the duration of and for the purpose of their studies, they are generally presumed to lack the intention to remain in the state indefinitely"); *Mulholland v. AAA Food Service, Inc.,* No. 89–3492, 1990 WL 223012, at *3 (7th Cir. Dec.28, 1990). Thus, in *Hakkila,* the court held that the plaintiff, who moved to New York to pursue a college education and who registered to vote in New York, did not thereby evidence intent to change domicile since she had no postgraduate commitments in New York and returned to another state during the summers.

Similarly, in *Everett v. Brief,* No. 82 Civ. 3563, 1985 WL 3563 (S.D.N.Y. Nov.1, 1985), the court held that there was no diversity jurisdiction because the plaintiff was a citizen

of New York. In *Everett,* the plaintiff was a sophomore at the University of Colorado who originally came from New York. Despite the fact that she had Colorado bank accounts and a Colorado driver's license, was registered to vote in Colorado, and paid Colorado taxes, the court found that she was a citizen of the state of New York. *See also Holmes v. Sopuch,* 639 F.2d 431 (8th Cir.1981) (married couple who moved to Ohio for one year university program did not change domicile); *Alexander v. Trustees of Boston Univ.,* 584 F.Supp. 282, 287 (D.Mass.1984) (theology student from Ohio retained Ohio domicile despite voter registration in school state), *rev'd on other grounds,* 766 F.2d 630 (1st Cir.1985); *Lyons v. Salve Regina College,* 422 F.Supp. 1354 (D.R.I.1976) (plaintiff, as student from out of state, presumed to retain domicile of home state despite voter registration in school state).

### III.

### *Conclusion*

In light of the foregoing analysis, we find that Plaintiff has not shown the requisite intent to remain in Ohio indefinitely. Rather, the evidence suggests that Plaintiff is a college student temporarily residing in Ohio for the purpose of obtaining an education, notwithstanding his self-serving statement that his intent is to remain in Ohio. We conclude that Plaintiff is a citizen of Puerto Rico. Accordingly, since no true diversity of citizenship exists between Plaintiff and Defendants, Defendants' motion to dismiss this action for lack of subject matter jurisdiction is **GRANTED,** and we, accordingly, **DISMISS** this case for lack of diversity jurisdiction under 28 U.S.C. § 1332.

**IT IS SO ORDERED.**