FILED
United States Court of Appeals
Tenth Circuit

February 14, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

A. KATHLEEN JONES,

    Plaintiff - Appellant,

v.

MICHAEL DALRYMPLE; SHARON
MCCAFFREY; CAROL KLATASKE,

    Defendants - Appellees,

and

LEE DALRYMPLE SPECIAL NEEDS
TRUST,

    Defendant.

No. 15-3183
(D.C. No. 6:14-CV-01245-SAC-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.[**]
_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs, the appellate record, and the parties' responses to our order dated January 25, 2017, this panel has determined the oral argument scheduled for March 21, 2017 would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Consequently, that hearing is vacated, counsel are excused, and the appeal will be submitted without oral argument.

# I.    INTRODUCTION

Kathleen Jones filed this breach of contract action against her siblings, Michael Dalrymple, Sharon McCaffrey, and Carol Klataske, and the Lee Dalrymple Special Needs Trust (collectively, Defendants), in the United States District Court for the District of Kansas. The district court dismissed the action as barred by the doctrines of claim and issue preclusion based on a prior lawsuit brought by Ms. Jones against Defendants in Kansas state court.

At the time of the prior action, all parties were citizens of the State of Kansas. Subsequently, Ms. Jones relocated to Ecuador. She then brought the present action, asserting federal subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a)(2), which governs suits between United States citizens and citizens or subjects of a foreign country. Because we conclude that Ms. Jones has failed to establish complete diversity, we must vacate the district court's order and remand with instructions to dismiss the action for lack of subject matter jurisdiction.

# II.    BACKGROUND

Federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The issue of subject matter jurisdiction may not be forfeited or waived. *Id.* A court must dismiss a case if it finds subject matter jurisdiction lacking at any point in the proceedings. Fed. R. Civ. P. 12(h)(3). There is a presumption against jurisdiction, which the party asserting

2

jurisdiction must overcome. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Diversity jurisdiction presents questions of both law and fact. While circuit courts review diversity jurisdiction *de novo*, we review the district court's findings of domicile for clear error. We will reverse only if the district court's finding lacks factual support in the record. *Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014).

## III.   DISCUSSION

Ms. Jones asserted that she "resides in Ecuador," that the amount in controversy exceeds $75,000, and that these facts satisfy the requirements of § 1332(a)(2). {Compl. 1-2, Aug. 8, 2014.} But at the time of the state court proceedings, Ms. Jones and the defendants in this case were all citizens of Kansas. {Appellee's Br. at 4.} Even accepting that she has moved to Ecuador, Ms. Jones has failed to establish federal subject matter jurisdiction.

A United States citizen domiciled in a foreign country is not a "citizen[] or subject[] of a foreign state," but is stateless and unable to assert jurisdiction under 28 U.S.C. § 1332(a)(2) or § 1332(a)(1), which governs suits between citizens of different States. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989). A United States citizen living abroad may only invoke diversity jurisdiction if the party is domiciled in a particular State and satisfies the diversity requirements of 28 U.S.C. § 1332(a)(1). *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008). Courts have increasingly found that even when the United States citizen

3

possesses dual citizenship, only the American citizenship is relevant to finding diversity under 28 U.S.C. § 1332(a)(2). *Id.* at 399–400 (citing *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504 (2d Cir. 1991); *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980); *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707 (9th Cir. 1992); *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994)).

In the district court, Ms. Jones failed to put forth any evidence that she satisfied 28 U.S.C. § 1332(a)(2) by having renounced her United States citizenship. As a result, we were unable to ascertain whether we had subject matter jurisdiction over this appeal. We therefore entered an Order on January 25, 2017, directing the parties to file separate written responses to show cause why the appeal should not be dismissed for lack of subject matter jurisdiction. Within fourteen days of the Order, each party was ordered to address:

> whether diversity jurisdiction is proper under 28 U.S.C. §1332(a)(2) when it appears all parties are citizens of Kansas. *See Newman Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989); *See also Louisiana Municipal Police Employees' Retirement System v. Wynn*, 829 F.3d 1048, 1056-57 (9th Cir. 2016)(discussing when a party is a citizen for purposes of establishing diversity); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011)(discussing difference between domicile and residence). In filing the responses, the parties should also address with particularity whether diversity exists given Ms. Jones' domicile in Ecuador but apparent citizenship in Kansas. *See Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3rd Cir. 2008)(concluding "that for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized").

Defendants responded and concede that Ms. Jones failed to establish federal subject matter jurisdiction. They argue that Ms. Jones should be required to file an

4

affidavit resolving the question of her citizenship, or that this appeal and the district court action should be dismissed. Ms. Jones also filed a response to the Order. Although she concedes that she does not fall within § 1332(a)(2), she asks us to exercise jurisdiction despite that deficiency so that she will not be deemed stateless for purposes of federal jurisdiction. We decline Ms. Jones's invitation and instead follow the Supreme Court's direction in *Newman-Green*, and that of every federal circuit to have considered the issue. *Newman-Green*, 490 U.S. at 828–29.

Defendants are all citizens of Kansas. Ms. Jones was a citizen of Kansas and now resides in Ecuador. She has provided no evidence from which we could conclude that she has relinquished her United States citizenship and is now a citizen or subject of a foreign country as required for jurisdiction under § 1332(a)(2). Accordingly, the district court lacked subject matter jurisdiction over this action and it must be dismissed.

## IV.    CONCLUSION

Ms. Jones has failed to establish that she is a citizen or subject of a foreign country, as required under 28 U.S.C. § 1332(a)(2). We therefore vacate the district court's judgment and remand with instructions to dismiss the action for lack of subject matter jurisdiction.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge

5