**Carl PALERMO, Plaintiff,**

v.

**Fred L. ABRAMS, Defendants.**

**No. Civ. 99–1145(SEC).**

United States District Court,
D. Puerto Rico.

Aug. 3, 1999.

---

Pedro E. Cruz–Gonzalez, Rio Piedras, PR, for plaintiff.

Harry A. Ezratty, San Juan, PR, for defendants.

## ORDER

CASELLAS, District Judge.

In the present case, plaintiff Carl Palermo ("Palermo") filed a complaint in the Carolina Superior Court, Commonwealth of Puerto Rico against defendant Fred Abrams, on December 1, 1998. ("Abrams"). Palermo claims that he retained Abrams as an attorney to handle a case before the federal district court in Puerto Rico. According to the complaint, Abrams spent approximately $150,000 in living and business expenses during the period of the legal proceedings where he represented Palermo, and charged those expenses to Palermo's credit card. When plaintiff sought reimbursement from Abrams for these expenses, Abrams refused to pay and terminated his legal representation as Abram's counsel in the pending proceedings before the federal court. Pursuant to Abrams' conduct Palermo filed the lawsuit in the Carolina Superior Court to collect those expenses in excess of $150,000.

On February 10, 1999, defendant Abrams filed a petition for removal to this district court, invoking diversity jurisdiction under 28 U.S.C. § 1332. Abrams alleged that at the time that the complaint was filed, he was a citizen, resident and domiciliary of Queens County, in the city and State of New York. Abrams argues that since Palermo was a citizen of Puerto Rico for diversity purposes, and the claim exceeded the $75,000 amount prescribed by the jurisdictional statute, he is entitled to removal to the federal court, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. On March 1, 1999, plaintiff Palermo filed a motion to remand, claiming that Abrams was not a New York citizen, for purposes of diversity jurisdiction, since Abrams has resided in Puerto Rico since May 1998 until the present and thus, diversity jurisdiction should not attach. On April 13, 1999, Abrams filed a reply to plaintiffs' motion to remand in which he included his unsworn statement under penalty of perjury regarding his New York domicile and his New York law office. Abrams also declared that he has never voted in Puerto Rico, and that he keeps only one bank account in Puerto Rico, as opposed to several bank accounts he maintains in New York. Moreover, all his correspondence is forwarded to Puerto Rico from his New York office. Finally, he contends that his prolonged residence in Puerto Rico has arisen from his participation in several legal proceedings before this district court, which have compelled him to reside in several hotels and apartments within Puerto Rico's metropolitan area. (Docket # 7, par. 4–24) On May 20, 1999, plaintiff filed a motion requesting a hearing to determine Abrams' jurisdictional status. (Docket # 8)

Although defendant Abrams may claim that his domicile is in New York, mere residence is insufficient to determine a party's jurisdictional status, as interpreted in 28 U.S.C. § 1332. The First Circuit has held that "[f]ederal jurisdiction based on diversity of citizenship requires that the matter in controversy be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity, a person is a

citizen of the state in which he is domiciled." *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48, 49 (1st Cir.1992).

■ For purposes of diversity, state citizenship is ordinarily equated with domicile. *Rodriguez–Diaz v. Sierra Martinez,* 853 F.2d 1027, 1029 (1st Cir.1988). A person's domicile " 'is the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning.' " *Bank One,* 964 F.2d at 49 (quoting Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 13B Federal Practice and Procedure, § 3612, at 52 (1984)).

■ Domicile is determined as of the time the lawsuit is filed. Once challenged, the party invoking diversity jurisdiction has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction. *Bank One,* 964 F.2d at 50. A person's domicile is presumed to continue until it is shown to have been changed. *Id.* Courts must examine several factors to determine a person's domicile: one must be (i) present in the new domicile and (ii) have an intent to remain there. *Id.* The principal factors to be considered in determining a natural person's intent to make a given jurisdiction his or her new domicile are (1) the person's place of voting; (2) the location of the person's real and personal property (such as furniture and motor vehicles); (3) the state issuing the person's drivers license; (4) the state where the person's bank accounts are maintained; (5) club or church membership; and (6) the person's place of employment. *Delgado Ortiz v. Irelan,* 830 F.Supp. 68, 70 (D.Puerto Rico 1993) (citing *Bank One,* 964 F.2d at 50).

Other factors may also be taken into consideration. As a general rule, no single factor is wholly controlling in determining whether diversity exists. Rather, a court must make such determination on a case-by-case basis. *Delgado Ortiz,* 830 F.Supp. at 70.

In the present case, plaintiff Palermo alleges that Abrams' prolonged and continuous physical presence in Puerto Rico belies his claim of New York citizenship. Palermo adds that Abrams' continuous professional involvement in the Puerto Rico federal district court strongly supports a presumption that Abrams intends to reside indefinitely in Puerto Rico, thus identifying Abrams' *animus manendi. Kidd v. Hilton of San Juan, Inc.,* 251 F.Supp. 465 (D.Puerto Rico 1966). As noted above, once challenged, the party invoking subject matter jurisdiction must support its allegation of jurisdiction by "competent proof" *Id.* at 50 (citing *O'Toole v. Arlington Trust Co.,* 681 F.2d 94, 98 (1st Cir.1982)). If Abrams is unable to prove that he is domiciled in New York, he would be considered domiciled in Puerto Rico, since his last known residence from the time of the filing of the complaint is in Puerto Rico. Thus, Abrams would fail to establish 'complete diversity' between the parties, as required by 28 U.S.C. § 1332. It is well-established law that "in order to invoke diversity jurisdiction, the petitioner must show 'complete diversity'—that is, that it does not share citizenship with any defendant." *Doctor's Associates, Inc. v. Distajo,* 66 F.3d 438, 445 (2d Cir.1995) (citing *C.T. Carden v. Arkoma Assocs.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *see also De Mauro v. DeMauro,* 115 F.3d 94, 100, n. 1 (1st Cir.1997)) (when the plaintiffs and the defendants were New Hampshire residents, the claim must be dismissed for lack of complete diversity.)

Although Abrams' petition for removal may be dismissed upon his inability to substantiate his allegations, the First Circuit has counseled district courts to give the parties a hearing and conduct discovery prior to its ruling on the existence of subject matter jurisdiction, or lack thereof. *Bank One,* at 52. (citing *Williamson v. Tucker,* 645 F.2d 404, 414 (5th Cir.) *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)) (where subject matter jurisdiction is attacked "the district court

must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.") *See also Francis v. Goodman,* 81 F.3d 5, 8 (1st Cir.1996) (emphasizing the need for district courts to make specific findings of fact on jurisdictional issues.)

■ Pursuant to the above cited case law, and since Abrams has provided limited documentation regarding his domicile and intention to remain indefinitely in Puerto Rico, the Court **GRANTS** plaintiff's motion requesting a hearing to determine Abrams' jurisdictional status. **(Docket # 8).**

Accordingly, the Court **ORDERS** defendant Fred Abrams to provide the following information, to enable the Court to prepare for the hearing and make an educated ruling on the jurisdictional issue:

1. Where was Abrams registered to vote at the time of the filing of the complaint?

2. Where did he vote in the last election? (November 1996)

3. Did Abrams vote in the Puerto Rico plebiscite of December 1998?

4. If registered to vote in Puerto Rico, what is the number of Abram's electoral card?

5. Where has Abrams filed income tax returns for the last three (3) years (1996, 1997, 1998)?

6. If Abrams filed income tax returns in Puerto Rico, did he file them as a resident or as a non-resident?

7. Where has Abrams derived his principal source of income during the last three (3) years (1996, 1997, 1998)? Please specify the amount derived from business in Puerto Rico and from business in the continental United States or other countries.

8. State the residences where Fred Abrams resided at the date of the filing of the complaint, and since the filing of the complaint, whether houses or apartments, in Puerto Rico, the continental United States or other countries.

9. State whether Fred Abrams owns or rents the residences where he has resided from the date of the filing of the complaint, whether houses or apartments, in Puerto Rico, the continental United States or other countries.

10. State the official phone numbers, both for professional and personal use, which Fred Abrams has used from the date of the filing of the complaint, whether in Puerto Rico, the continental United States or other countries.

11. State the offices and addresses and phone numbers of the offices where he has conducted business from the date of the filing of the complaint, whether in Puerto Rico, the continental United States or other countries.

12. Did Fred Abrams own any motor vehicles at time of the filing of the complaint and after the filing of the complaint? If so, provide the license number of vehicle.

13. Did Fred Abrams hold any bank accounts in Puerto Rico at the time of the filing of the complaint and after the filing of the complaint? If so, provide descriptions and/or copies of the most recent statements of these accounts.

14. How long has Fred Abrams lived in Puerto Rico?

15. Provide a concise but clear description of the industry, trade or profession carried out by Fred Abrams in Puerto Rico, the continental United States or other countries at the time of the filing of the complaint and after the filing of the complaint.

Defendant Abrams must comply with this order **within twenty (20) days of this order.** Failure to do so will result in

sanctions against Fred Abrams and immediate dismissal for lack of jurisdiction, pursuant to Local Rules 114 and 312 and 28 U.S.C. § 1332. The Court will schedule a jurisdictional hearing as soon as Fred Abrams complies with the Court's order.

**SO ORDERED.**