Yesenia **DROZ–SERRANO, Plaintiff(s),**

v.

**CARIBBEAN RECORDS INC.,
et al, Defendant(s).**

No. 03–1114 (JAG).

United States District Court,
D. Puerto Rico.

June 20, 2003.

Jose R. Franco–Rivera, San Juan, PR, for plaintiff.

Edwin Prado–Galarza, Santurce, PR, for defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Pending before this Court is defendants' motion to dismiss for lack of jurisdiction (Docket No. 5), as well as plaintiff's opposition to the motion (Docket No. 8). For the reasons discussed below, this Court GRANTS defendants' motion to dismiss.

*Facts*

Plaintiff in this action, Yesenia–Droz Serrano ("Droz") is a recording artist who has a recording agreement with defendant Caribbean Records, Inc. ("Caribbean Records"), and a management agreement with defendant Maritza Casiano ("Casiano"). Droz entered into the agreements with Caribbean Records and Casiano in 1998, and launched a first successful album in 1999. In 2001, a second, less successful album was produced. On February 3, 2003, Droz brought the present action against Caribbean Records and Casiano for breach of contract.

*Standard of Review*

Under Rule 12(b)(1), a defendant may move to dismiss an action against him based on the lack of federal subject-matter jurisdiction. See FED. R. CIV. P. 12(b)(1). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint literally, treating well-pleaded facts as true and drawing all reasonable inferences in favor of plaintiff." *Adorno– Rosado v. Wackenhut Puerto Rico, Inc.,* 98

FSupp.2d 181 (D.Puerto Rico 2000), citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1 (1st Cir.1987).

*Discussion*

■ Droz has brought a cause of action against Caribbean Records and Casiano alleging breach of contract as to both agreements, and lack of payment of mechanical royalties, among others. There is no diversity jurisdiction in this matter, and subject-matter jurisdiction is predicated solely on the existence of a federal question. Droz argues that because the subject of the agreements is copyright material, breach of said agreements constitutes an infringement of her rights under the Copyright Act and gives rise to a federal question. This Court disagrees.

■ It has been well-established that "an action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright." *Royal v. Leading Edge Products, Inc.,* 833 F.2d 1, 2 (1st Cir.1987). A careful examination of the complaint (Docket No. 1), and of the brief opposition to defendants' motion to dismiss (Docket No. 8), clearly shows that this is strictly a dispute for breach of contract agreement.

This Court has already established that when "[P]laintiffs sole remedy for a breach of contract agreement, however, would be an action for damages—the Copyright Act need not be construed." *C & C Entertainment Inc. v. Rios–Sanchez,* 208 F.Supp.2d 139, 143 (D. Puerto Rico 2002), citing *Royal v. Leading Edge Products, Inc.,* 833 F.2d 1, 3 (1st Cir.1987). In that case, the Court clearly stated that "... even though the contract concerns a copyright, it does not grant the federal courts jurisdiction over what is essentially a garden variety contract dispute." *Id.* at 143.

Given the facts of the case at hand and the clear guidelines set forth by the controlling cases, this Court finds that it does not have jurisdiction to entertain the complaint. Therefore, defendant's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.