Ryan PADILLA MANGUAL,
et al., Plaintiff(s)

v.

PAVIA HOSPITAL, et
al., Defendant(s).

Civil No. 06–1115 (FAB).

United States District Court,
D. Puerto Rico.

Feb. 1, 2007.

Antonio Bauza–Torres, Cond. Le Mans, Hato Rey, PR, Ruben Morales Oliveras, Law Office, Bayamon, PR, for Plaintiffs.

Mirta E. Rodriguez–Mora, Latimer, Biaggi, Rachid & Godreau, Nuyen Marrero–Bonilla, Montijo & Montijo Law Office, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On January 30, 2006, plaintiff Ryan Padilla–Mangual ("Padilla")[1] brought suit pursuant to the diversity statute, 28 U.S.C. § 1332, for damages under Puerto Rico's general tort statute, Civil Code Article 1802, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 1). On July 7, 2006, defendant Dr. Miguel de la Cruz Castellanos ("Dr. de la Cruz") moved the Court to dismiss the complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) (Docket No. 7)[2]. On August 22, 2006, Padilla opposed the motion (Docket No. 19). On October 3, 2006, defendant Pavia Hospital (the "Hospital") moved for summary judgment on Padilla's claims, arguing that the Court lacks jurisdiction due to a lack of diversity of citizenship between the parties (Docket No. 29). On November 8, 2006, Padilla opposed the motion for summary judgment (Docket No. 43). For the reasons discussed below, the Court **GRANTS** Dr. de la Cruz's motion to dismiss, **GRANTS** the Hospital's motion for summary judgment and **DISMISSES** this case.

## DISCUSSION

As courts of limited jurisdiction, federal courts have the duty to construe jurisdictional grants narrowly. *See e.g., Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R.1998). Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R. 2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as ... depositions and exhibits." *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996). When federal jurisdiction is premised on the diversity statute, courts

---

1. A second plaintiff, Ms. Nicole Freyre, has since requested, and the Court granted, voluntary dismissal of her claims. (*See* Docket No. 21).

2. Dr. de la Cruz also argued that the Court should abstain from exercising jurisdiction over Padilla's claims because there is a parallel proceeding ongoing in state court. The Court will not discuss the issue of abstention given its decision to dismiss the complaint.

must determine whether complete diversity exists among all plaintiffs and all defendants. *Casas Office Machines v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir.1994).

For purposes of diversity jurisdiction, citizenship usually is equated with domicile. *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 366 (1st Cir.2001). A person is a citizen of the state in which he is domiciled. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir.1991). Domicile generally requires two elements: (1) physical presence in a state, and (2) the intent to remain there indefinitely. *Valentin*, 254 F.3d at 366. A person's domicile is the "place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (*citing Rodriguez–Diaz v. Sierra–Martinez*, 853 F.2d 1027, 1029 (1st Cir.1988)). The person is not required to have the intention to stay there permanently, however. A plaintiff maintains his domicile until it can be proven, by clear and convincing evidence, that he has changed it. *Id.*

While a person may have more than one residence, a person can have only one domicile. *See Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir.1979). To ascertain a person's domicile (particularly if there is evidence that a party's domicile is unclear), the Court must focus on the party's intent. *Palermo v. Abrams*, 62 F.Supp.2d 408, 410 (D.P.R. 1999). The analysis calls for a "totality of the evidence" approach, and no single factor is conclusive. *Id.* Courts must make these determinations on a case-by-case basis. *Id.*

Some of the factors traditionally considered when determining a party's domicile are: (1) where the person exercises the right to vote; (2) the location of the person's real and personal property; (3) the state issuing the person's driver's license; (4) where the person maintains his bank accounts; (5) club or church membership; and (6) the person's place of employment. *Palermo*, 62 F.Supp.2d at 410 (*citing Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir.1992)). "Statements of intent are accorded minimal weight measured against these objective factors." *Alicea–Rivera v. SIMED* 12 F.Supp.2d 243, 246 (D.P.R.1998). The determination of domicile is a mixed question of law and fact. *Palermo*, 62 F.Supp.2d at 410.

In order to establish that there is diversity of citizenship, Padilla must establish by clear and convincing evidence that as of January 30, 2006, the date he filed the complaint, he was domiciled in Florida. Padilla proffers as evidence of his change of domicile two declarations under penalty of perjury, his mother's and his own, stating that he resides in Florida and has no intent to return to Puerto Rico; copies of four ledgers detailing payments and charges from four different addresses in Florida where Padilla has presumably resided since January 2005;[3] and a copy of a driver's license issued to Padilla on January 20, 2005, by the state of Florida. He also claims to have an automobile in Florida, but both the automobile and its insurance policy are under his mother's name.

Padilla has not shown, however, that he has taken any affirmative steps to establish a domicile in Florida. Padilla does not work nor has he indicated that he is look-

---

**3.** Only one of the ledgers actually shows Padilla as the tenant. Of the other three, two show Nicole Freyre as tenant and the other shows his mother as the tenant.

ing for work in Florida.[4] He does not go to school. He does not own or rent any real property in Florida. He does not belong to any clubs or groups, nor does he attend a church. He does not have any bank accounts. He has not registered or exercised the right to vote. Other than his driver's license and a stated desire to stay there, Padilla doesn't seem to have established any real presence in Florida. *Cf. Alicea–Rivera,* 12 F.Supp.2d at 246–47; *Tañon v. Muniz,* 312 F.Supp.2d 143, 149–50 (D.P.R.2004); *Rivera v. Hospital Interamericano de Medicina Avanzada,* 125 F.Supp.2d 11, 17–18 (D.P.R.2000).

Given the totality of the circumstances, the Court simply cannot find that Padilla has established his domicile in Florida for diversity purposes. His domicile is in Puerto Rico, as is the defendants' domiciles. Accordingly, this Court lacks jurisdiction over Padilla's claims and the complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dr. de la Cruz's motion to dismiss and **GRANTS** the Hospital's motion for summary judgment. Padilla's claims are **DISMISSED without prejudice.** Judgment shall enter accordingly.

IT IS SO ORDERED.

---

4. It does seem contradictory that Padilla states that he is unable to work or study due to his condition, yet he lives alone far away from his family, is apparently able to care for himself, and is able to drive.