Orlando ALEJANDRO–ORTIZ,
et. al., Plaintiffs,

v.

PUERTO RICO ELECTRIC
POWER AUTHORITY,
et. al., Defendants.

Civil No. 10–1320 (FAB).

United States District Court,
D. Puerto Rico.

Jan. 17, 2012.

David Efron, David Efron Law Offices, San Juan, PR, Douglas W. Matthews, Toby B. Fullmer, Matthews & Fuller Law Firm, Houston, TX, for Plaintiffs.

Jorge Stefan Molina–Mencia, Velilla & Velilla, Bayamon, PR, Jeannette M. Lopez, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer a pending non-dispositive motions to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(c). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R. 2005) (*citing United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005) (*citing LaCedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

## I. Motion to Dismiss for Filing Complaint Prematurely

On September 29, 2011, the United States magistrate judge issued a Report and Recommendation (R & R) in this case,

recommending that defendant PREPA's motion to annul the complaint and dismiss because the plaintiff filed the complaint before the decision of the State Insurance Fund became final be **DENIED**. (Docket No. 212) Defendant PREPA objected to the R & R on October 2, 2011. (Docket No. 214.) In their opposition to the R & R, PREPA alleges that the magistrate judge "did not make any specific factual finding as to whether the complaint was de facto filed prematurely" and was therefore in violation of local law. *Id.* In support of its argument, PREPA cites to a Supreme Court of Puerto Rico case in Spanish, with no official translation. The Court will not consider this case or entertain PREPA's arguments regarding interpretation of the relevant statute, because the Court may not consider matters cited in Spanish without an English translation. *See Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 67 (1st Cir.2008).

As the magistrate judge states in the R & R, the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. § 32, "is not intended to be a tool for the third party [defendant PREPA] to use in an effort to avoid being liable to plaintiff." (Docket No. 212 at 4.) In addressing this very argument, the First Circuit Court of Appeals has held that the "primary purpose" of the statute "is to give the Manager of the State Insurance Fund out of which [ ] an employee has been compensated the right to be subrogated for the benefit of the Fund to the rights of the employee to such a recovery from a third party. . . ." *Waterman Steamship Corporation v. Rodriguez,* 290 F.2d 175, 177–178 (1st Cir.1961). The statute "is not intended to provide a shield for a third party tort-feasor. . . ." *Id.* at 178. Thus, defen-

dant PREPA does not have standing to use this statute to seek dismissal.

Moreover, PREPA has allowed this suit to continue for over a year and half since the date when plaintiff initially filed the complaint, without making any objections on the grounds of prematurity until now.[1] As the *Waterman* court states, "[w]e regard it as immaterial that the suit was not dismissed and reinstituted after that date [on which the decision of the plaintiff's compensation claim became final], since the law does not require such a useless formalism." *Id.* at 178. Accordingly, the remedy defendant requests is neither timely nor appropriate.

The Court has made an independent examination of the entire record in this case, including both parties' objections to the R & R, and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court. Accordingly, defendant's motion for dismissal for premature filing of the complaint is **DENIED**.

## II. Motion to Dismiss for Lack of Diversity

On September 28, 2011, the United States magistrate judge issued a Report and Recommendation (R & R) in this case, recommending that defendant PREPA's motion to dismiss the complaint for lack of diversity be **DENIED**. (Docket No. 211.) PREPA filed an objection to the R & R on October 3, 2011. (Docket No. 215.) Plaintiffs filed a response on October 6, 2011. (Docket No. 217.) The magistrate judge found that plaintiff provided sufficient evidence to establish that he is domiciled in Texas, thus providing diversity jurisdiction. As the First Circuit Court of Appeals has held, "[f]or the purposes of di-

---

1. In its motion to dismiss, defendant alleges that the 90 day period mentioned in the statute ended on May 22, 2010, and plaintiff filed his complaint on April 16, 2010. (Docket No. 202 at 2.)

versity jurisdiction, citizenship is usually equated with domicile." *Valentin v. Hospital Bella Vista,* 254 F.3d 358, 366 (1st Cir.2001) (citing *Rodriguez–Diaz v. Sierra–Martinez,* 853 F.2d 1027, 1029 (1st Cir. 1988)). As a general matter, domicile requires satisfaction of two elements: (1) physical presence in a state and (2) the intent to remain there indefinitely. *Valentin,* 254 F.3d at 366. The analysis requires a "totality of the evidence" approach, and some of the factors considered in making the determination are the following: "(1) the person's place of voting; (2) the location of the person's real and personal property (such as furniture and motor vehicles); (3) the state issuing the person's drivers license; (4) the state where the person's bank accounts are maintained; (5) club or church membership; and (6) the person's place of employment." *Palermo v. Abrams,* 62 F.Supp.2d 408, 410 (D.P.R.1999).

The magistrate judge found that plaintiff established that his domicile was Texas by providing the following information: a copy of a residential lease showing that plaintiff currently rents property in Tomball, Texas; plaintiff's voter registration certificate in Texas; evidence of plaintiff's intent to sell his property in Cidra, Puerto Rico; copies of plaintiff's Texas identification card and his wife's Texas driver's license; evidence of payment of several utilities including a cell phone, gas, water, phone service, and electricity using plaintiff's Texas address; and a sworn affidavit submitted by plaintiff attesting to all those facts. *See* Docket No. 207. No single factor controls the outcome of the Court's determination of whether diversity exists; rather, the Court must engage in a case-by-case analysis and use a "totality of the evidence" approach. *See Palermo,* 62 F.Supp.2d 408, 410 (D.P.R.1999). The Court agrees with the magistrate judge's determination that plaintiff has submitted

sufficient information to establish that his domicile is Texas, and that diversity jurisdiction in this case is appropriate.

Finally, the magistrate judge further determined, and this Court agrees, that an evidentiary hearing to determine the credibility of plaintiff's assertions is unwarranted because defendant PREPA alleged a sufficient lack of information to determine the domicile of plaintiff, and did not raise any allegations of plaintiff's lack of credibility. *See* Docket No. 200.

The Court has made an independent examination of the entire record in this case, including both parties' objections to the R & R, and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court. Accordingly, defendant's motion for dismissal for lack of diversity jurisdiction is **DENIED.**

### III. Defendant PREPA's Local Rule 72(d) Motion

On October 13, 2011, defendant PREPA filed a motion under Local Rule 72(d) asking this Court to revisit the Report and Recommendation adopted by this Court, denying defendant's request for summary judgment. (Docket No. 220.) Local Rule 72(d) states, in part, the following:

> Any party may object to the magistrate judge's report of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) within fourteen (14) days after being served a copy of it. The party shall file with the clerk and serve on all parties written objections with shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.
>
> A district judge shall make de-novo determination of those portions to which objection is made and may accept, reject or modify, in whole or in part, the find-

ings or recommendations made by the magistrate judge.

PREPA appears to believe that this local rule may be used by a party to "revisit" a motion that has already been denied by this Court. PREPA cites no legal authority in support of its proposition that such a request can be made "under" Local Rule 72(d), and in fact, there is none. It had its opportunity to present its objections to the magistrate judge's report and recommendation under Rule 72(d), which it did, and the Court was free to "accept, reject or modify" the report and recommendation accordingly. This Court adopted the magistrate judge's report and recommendation in full and denied defendant's motion for summary judgment. PREPA's efforts to re-litigate the summary judgment proceeding is improper, procedurally defective, and a waste of this Court's time.

PREPA also alleges that the magistrate judge has erred, in violation of Local Rule 72(b)(1), by omitting certain proposed findings of fact in its report and recommendations denying PREPA's motion for summary judgment and its motions to dismiss. (Docket No. 220 at 2, 6.) Local Rule 72(b)(1) reads as follows:

> United States Magistrate Judges are also authorized to:
>
> exercise general supervision of civil calendars, conduct calendar calls, some disposition hearings, status conferences, pretrial conferences, settlement conferences, mediation proceedings, and other related pretrial proceedings.

There is absolutely no mention of making "specific findings of fact" in this rule, let alone any indication that a magistrate judge's refusal to find facts that would be supportive of defendant's position is in any way an "error." PREPA's motion alleging any remedies under Local Rule 72 is void of any merit, and is therefore **DENIED**.

## IV. Defendant's Motion to Dismiss for Lack of Indispensable Parties

■ On December 23, 2011, defendant PREPA filed a motion to dismiss for lack of indispensable parties, in violation of Federal Rule of Civil Procedure 19. (Docket No. 234.) Plaintiffs filed a response (Docket No. 240) and a supplemental response (Docket No. 241) in opposition. PREPA alleges that under article 1802 of the Civil Code, which governs damage caused by fault or negligence, the breach of duty of care in this case was not caused by PREPA, but by BFI Waste Services ("BFI") (plaintiff's former employer) and Mrs. Anabelle Hernandez ("Hernandez") (plaintiff's former supervisor). (Docket No. 234 at 2.) PREPA spends over ten pages making conclusory allegations that BFI and Hernandez are indispensable parties to this action because they are "responsible" for plaintiff's injury, alongside claims that PREPA is in no way responsible for plaintiff's injury. Rule 19 requires that a person must be joined as a party to an action if (a) "in that person's absence, the court cannot accord complete relief among existing parties" or (b) "that person claims an interest relating to the subject of the action." F.R.C.P. 19(a). PREPA appears to rely on subsection (a), but makes no ascertainable arguments about why the Court could not afford relief to plaintiff in the present case without the joinder of BFI or Hernandez. Instead, PREPA merely opines that BFI and Hernandez are "necessary parties" to the litigation without providing any factual or legal support for this claim. It also claims that the addition of BFI and Hernandez, domiciled in Puerto Rico, would destroy diversity in this case, and would force the Court to dismiss this action. (Docket No. 234 at 11.)

■ The Court finds that BFI and Hernandez are in no way "indispensable" to

this litigation. There is no evidence that BFI and Hernandez are in any way liable for the damages alleged by plaintiff. Even if BFI and Hernandez can be considered joint tortfeasors, it is well-established that in Puerto Rico, "when a negligent act is caused by the actions of more than one person, each person is a joint tortfeasor and is liable in full to the plaintiff for the harm caused." *Jimenez–Ruiz v. Spirit Airlines,* 794 F.Supp.2d 344, 352 (D.P.R. 2011) (citing *Garcia Colon v. Garcia Rinaldi,* 340 F.Supp.2d 113, 126 (D.P.R. 2004)). "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* (citing *Temple v. Synthes Corp. Ltd.,* 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990)). Thus, Rule 19 does not require a person who is potentially liable as a joint tortfeasor to be joined to an action as a necessary or indispensable party; instead, that person is, at best, a permissive party subject to joinder under Rule 20. *Id.* PREPA is free to pursue an indemnity action against BFI and Hernandez if PREPA is found liable in this case, but there is no requirement that these parties are necessary to this litigation.

Plaintiff contends that defendant's analysis ignores the fact that Puerto Rico Workman's Accident Compensation Act (PRWACA) provides immunity for BFI and Hernandez, because plaintiff, as an injured worker receiving State Insurance Fund (SIF) benefits, may not pursue a claim against his employer for damages sustained due to negligence. *See* Docket No. 241 at 2; *see also Feliciano Rolon v. Ortho Biologics LLC,* 404 F.Supp.2d 409, 414 (D.P.R.2005). Plaintiff is barred from suing his employer under the immunity provided to BFI and Hernandez by the PRWACA; these persons cannot be added as parties to this action. For the reasons stated above, defendant's motion to dis-

miss for lack of indispensable parties is **DENIED.**

## V. Plaintiff's Motion for Sanctions

On November 10, 2011, plaintiffs filed a motion for sanctions against defendant PREPA. (Docket No. 227.) On December 5, 2011, defendant PREPA filed an opposition (Docket No. 230) and a reply to plaintiff's motion (Docket No. 231). Plaintiffs allege that the following actions taken by defendant were frivolous and require sanctions to be imposed: (1) PREPA's motion to dismiss for lack of jurisdiction, (2) PREPA's motion to dismiss for filing the complaint prematurely, (3) PREPA's refusal to withdraw both motions to dismiss after email exchanges with counsel for plaintiff, (4) PREPA's objections to both reports and recommendations denying defendant's motions to dismiss, (5) PREPA's motion under Rule 72(d), and (6) PREPA's alleged refusal to engage in fruitful settlement negotiations with plaintiff. Plaintiffs claim that sanctions are appropriate under Federal Rule of Civil Procedure 11(b) and under Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure. (Docket No. 227 at 7, 9.) PREPA rightfully alleges that Rule 44.1(d) is not applicable because no judgment has been entered against PREPA. (Docket No. 231 at 3.) The Court addresses the merits of plaintiff's motion under Rule 11.

Rule 11(b) "prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support." *Young v. City of Providence ex rel. Napolitano,* 404 F.3d 33, 39 (1st Cir. 2005). While imposition of Rule 11 sanctions does not require a finding of bad faith, "a showing of at least 'culpable carelessness' is required before a violation of the Rule can be found." *Citibank Global*

*Markets, Inc. v. Rodriguez Santana,* 573 F.3d 17, 32 (1st Cir.2009). The Court finds that PREPA is to be sanctioned for the following: (1) its motion to dismiss for filing the complaint prematurely, (2) its motion under Local Rule 72(d), and (3) its motion to dismiss for lack of indispensable parties. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** plaintiff's motion for sanctions against PREPA.

### 1. Sanctions for Motion to Dismiss for Filing the Complaint Prematurely

█ PREPA filed a motion to dismiss for filing the complaint prematurely even though the First Circuit Court of Appeals had directly addressed and disposed of the arguments made by PREPA. *See Waterman Steamship Corporation,* 290 F.2d 175 (1st Cir.1961). PREPA proceeded with filing its motion even after counsel for plaintiff sent a letter to PREPA's counsel identifying First Circuit precedent and urged PREPA to withdraw its motion. (Docket No. 227-1.) Moreover, PREPA filed its motion without mentioning the *Waterman Steamship* case and differentiating the facts, or citing to any other applicable case law. *See* Docket No. 202 (PREPA cited to two Supreme Court of Puerto Rico cases in Spanish, without providing any official English translation.) The Court finds that this motion was filed by PREPA solely to cause unnecessary delay of trial, because the pleadings requested relief that was contrary to First Circuit precedent and the legal contentions raised in the motion were presented without any adequate legal support.

### 2. Sanctions for Rule 72(d) Motion

█ PREPA filed a largely incomprehensible motion requesting unprecedented relief under Local Rule 72(d). In particular, PREPA requested that the magistrate judge's report and recommendation denying PREPA summary judgment, which was adopted in full by this Court, "be revisited by making specific fact finding determinations" and that summary judgment requested by PREPA be granted. (Docket No. 220 at 7.) PREPA's pleading contained three and a half pages of "uncontested facts" provided by PREPA, and included no reference to legal precedent that would support the relief requested. (Docket No. 220.) The motion was improper, frivolous, required plaintiffs to spend needless time and money on researching and responding to PREPA's nonsensical arguments, and resulted in a waste of the Court's resources.

### 3. Sanctions for Motion to Dismiss for Lack of Indispensable Parties

█ PREPA filed a motion to dismiss the complaint for lack of indispensable parties one day before Christmas eve. (Docket No. 234.) PREPA alleged that plaintiff's employer and direct supervisor were indispensable parties to the litigation under Federal Rule of Civil Procedure 19, including over ten pages of "facts" alleging that these parties, and not PREPA, were actually liable for the damages suffered by plaintiff. (Docket No. 234 at 2–10.) PREPA further alleged that these parties must be added to the current litigation, admitting that joinder would defeat jurisdiction and remove the diversity jurisdiction of this Court. *Id.* at 11. Although PREPA cited to various cases in their lengthy, twenty-page motion, none provided any persuasive or controlling legal authority, and the disjointed motion contained several legal and factual misrepresentations. Finally, as plaintiffs point out in their supplemental response in opposition to PREPA's motion, the Puerto Rico Workmen's Accident Compensation Act, the applicable state law in this case, expressly prohibits joining plaintiff's em-

ployer and direct supervisor to the litigation, because of their statutory immunity from suit. (Docket No. 241.) PREPA failed to mention this absolute bar to the remedy requested in their motion to dismiss. PREPA's motion was untimely, frivolous, lacked merit, and contained various misrepresentations of law and fact.

## CONCLUSION

For the reasons stated above, this Court **ADOPTS** the magistrate judge's report and recommendations **DENYING** PREPA's motions to dismiss the complaint for premature filing of the complaint and for lack of diversity; **DENIES** PREPA's Rule 72 motion; **DENIES** PREPA's motion to dismiss for lack of indispensable parties.

Additionally, the Court **GRANTS IN PART AND DENIES IN PART** plaintiff's motion for sanctions. As a sanction, PREPA and its attorneys, Jorge Stefan Molina–Mencia and Jose R. Perez–Hernandez, are ordered to pay plaintiffs the reasonable fees and expenses plaintiffs incurred in opposing PREPA's (1) motion to dismiss for filing the complaint prematurely; (2) its motion for relief pursuant to Local Rule 72(d); and (3) its motion to dismiss for lack of indispensable parties. No later than **January 27, 2012,** plaintiffs will file a memorandum setting forth the reasonable fees and expenses they incurred in opposing and responding to those three motions.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

## INTRODUCTION

On April 16, 2010, above plaintiffs Orlando Alejandro–Ortiz, his wife Sonia Rodrí-guez–Jiménez, their community property, and in representation of their minor children, (hereafter "plaintiffs" and/or "plaintiff Alejandro–Ortiz") filed a complaint against defendants the Puerto Rico Electric Power Authority and its insurance company American International Insurance Co. of Puerto Rico (hereafter defendants "PREPA" and/or "AIICO"). Plaintiff Alejandro–Ortiz' claims under diversity jurisdiction resulting damages he suffered an electrical discharge while employed with a private garbage collection company wherein he encountered electric power lines under the care and responsibility of defendant PREPA. (Docket No. 1).

On September 18, 2011, defendant PREPA filed a motion to annul the complaint and to dismiss for plaintiff having filed the present complaint prior to the decision of the State Insurance Fund as to plaintiff Alejandro–Ortiz becoming final. Defendant PREPA now alleges the filing of the complaint against a third-party tortfeasor, such as PREPA, should be considered premature since there is a period of ninety (90) days during which the affected employee on worker's compensation should not file such a complaint. (Docket No. 202).

Plaintiff Alejandro–Ortiz filed its response in opposition to the eleventh hour request for dismissal filed by defendant PREPA indicating said defendant lacks standing for the dismissal being requested. Plaintiff also submits PREPA's grounds for dismissal lack merit and, even if indeed the complaint was prematurely filed, dismissal is not the appropriate relief.

On September 27, 2011, the Court referred these motions to this Magistrate Judge for report and recommendation while the scheduled trial date of October 17, 2011 remains. (Docket Nos. 205 and 210).

Having examined the parties' submissions, this Magistrate Judge is of the opinion defendant's grounds for dismissal lack merit and should be denied, for which this brief report and recommendation is issued.

## LEGAL DISCUSSION

Defendant PREPA has submitted it is entitled to dismissal of what it claims is a prematurely filed complaint since it was filed prior to expiration of the ninety (90) days allowed to make a claim by a worker against a third-party tortfeasor. Defendant PREPA refers to Sec. 31 of the Workmen's Compensation Act of Puerto Rico, as amended (11 L.P.R.A. § 32) to base its request for dismissal claiming the present action was prematurely brought pursuant to said section. Thus, PREPA requests dismissal because the final decision of the Manager of the Workmen's Compensation Fund, that was rendered on February 21, 2010, and whose ninety (90) days would have ended by May 22, 2010, is opposite to plaintiff having filed the present complaint against PREPA on April 16, 2010,[1] that is, before the expiration of the period of ninety (90) days from said final decision, as provided in the aforesaid Section of the Act. (11 L.P.R.A. § 32).

The provision cited by defendant PREPA to sustain its position regarding third party liability and subrogation provides:

Laws of Puerto Rico Annotated

Title Eleven. Workmen's Compensation

Chapter 1. Workmen's Accident Compensation

When an injured workman or employee, or his beneficiaries in the case of death, may be entitled to institute an action for damages against a third party in cases where the State Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third party in the name of the injured workman or employee or his beneficiaries, within the ninety (90) days following the date of the final and enforceable decision of the case, and any sum which as a result of the action, or by virtue of a judicial or extrajudicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Manager under the provisions of this section, and it shall be the duty of the Manager to serve written notice on them of such proceedings within five (5) days after the action is instituted.

If the Manager should fail to institute action against the third person responsible as provided in the preceding paragraph, the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case.

*Neither the injured workman or employee nor his beneficiaries may institute any action, nor may compromise any cause of action they may have against the third party responsible for the damages until after the expiration of ninety days from the date of the final*

---

1. Plaintiff's opposition considers the ninety (90) day period should be counted as of January 1, 2010, for which this would have expired by April 2, 2010, two weeks before the complaint was filed on April 16, 2010.

*and enforceable decision of the case by the Manager of the State Insurance Fund.*

*No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third party responsible within the ninety (90) days subsequent to the date in which the decision is final and enforceable, or after the expiration of said term if the Manager has filed his complaint, shall be valid or effective in law unless the expenses incurred by the State Insurance Fund in the case are first paid. No judgment shall be entered in suits of this nature, and no compromise whatsoever as to the rights of the parties to said suits shall be approved, without making express reserve of the right of the State Insurance Fund to reimbursement of all expenses incurred; Provided, That the secretary of the part taking cognizance of any claim of the nature above described shall notify the Manager of the State Insurance Fund of any order entered by the court which affects the rights of the parties to the case, as well as the final disposition thereof.*

11 L.P.R.A. § 31. (Emphasis supplied).

■ The applicable section of the Workmen's Accident Compensation Act contains specific provisions which concern the right of the State Insurance Fund to assert subrogation rights against third parties who are responsible for causing injuries to the workman or employee. Defendant PREPA is the claimed liable third party which has caused harm and injury to the workman, plaintiff Alejandro–Ortíz. Thus, this section is not intended to be a tool for the third party to use in an effort to avoid being liable to plaintiff. *See Waterman Steamship Corporation v. Rodríguez,* 290 F.2d 175, 178 (1st Cir.1961) (Referring to § 31 (which has been renumbered) is not intended to provide a shield for a third party tort-feasor). The Court of Appeals for the First Circuit explained in *Waterman,* although related to stevedoring accident and under general maritime law, that those were matters between the plaintiff and the State Insurance Fund Manager with which a defendant is not concerned.

Similarly, in *Shetter v. Amerada Hess Corp.,* 14 F.3d 934 (3d Cir.1994),[2] when discussing a similar provision of the Virgin Island's workmen's compensation statute which was patterned under the Puerto Rico Section regarding subrogation, the Court noted the provision is one addressing the State Insurance Fund's subrogation rights in the event the injured employee had the possibility of recovering damages against a third-party tortfeasor. As such, the provision is aimed to protect the subrogation rights of the State Insurance Fund when an injured employee seeks both compensation under workmen's compensation statute and damages from a third party.

Thus, said section is considered a provision to govern the relationship between the employee and the State Insurance Fund and between the State Insurance Fund and the third-party tortfeasor in subrogation to recover what the State Insurance Fund already paid to the employee and not to confer additional rights to such third-party tortfeasor.

**2.** Although at first blush the statute's language would appear to limit the ability of an employee to institute action against a third-party tortfeasor unless the Commissioner or the State Insurance Fund is a party to the action, this statutory scheme is one designed to protect the subrogation rights of the State Insurance Fund and plaintiff still retains its common law ability to bring claims against potential third-party tortfeasor. *Shetter v. Amerada Hess Corp.,* 14 F.3d at 941.

In light of the above interpretation of the provision at hand and the purpose of the same, PREPA, as third-party tortfeasor, lacks standing to use the statute to seek dismissal in this case in a failed attempt to avoid a general tort claim against plaintiff as the one filed in the instant complaint.

Moreover, when dealing with workmen's compensation, a premature filing against a third-party tortfeasor on the ground plaintiff prosecuted a claim for workmen's compensation prior to the 90–day period after the decision of the compensation claim became final, does not entail the relief requested by defendant PREPA. Defendant in this case has permitted this suit to continue without making any objection to it on the ground of prematurity. It is immaterial that the suit was not dismissed and reinstated after the 90–day period since the law does not require a useless act. *See Waterman Steamship Corporation,* 290 F.2d at 175. Additionally, the question of prematurity has arisen in other contexts, and courts have indicated that the actions were permitted to go forward because defendants failed to timely object on the grounds of prematurity. *See Rivera Escobar v. Parke Davis and Co.,* 671 F.Supp. 895 (D.Puerto Rico 1987); *Pabón v. Cotton State Mutual Ins. Co.,* 196 F.Supp. 586 (D.Puerto Rico 1961).

In the present case, defendant PREPA filed the request for dismissal on September 18, 2011, while the complaint it now attempts to dismiss was filed back on April 16, 2010. Meanwhile, the parties have zealously litigated this case and have engaged in extensive discovery, deposition taking, production of documents, filing of dispositive motions on several other grounds, motions *in limine,* motions to exclude expert witnesses, among others. As a matter of fact, when PREPA recently filed the motion on grounds of a premature complaint, the case was already scheduled for trial.

Finally, plaintiff avers that defendant's request for dismissal of the complaint is not the appropriate relief to strict compliance with a ninety (90) day period that already elapsed because it would result in a meaningless dismissal. This Magistrate Judge agrees. Regardless that at the time the complaint was filed it may have been premature as to the defendant, the condition has been cured by the lapse of time. *See González v. Caribbean Carriers, Ltd.,* 379 F.Supp. 634 (D.Puerto Rico 1974).

Thus, on the grounds above discussed for dismissal, this Magistrate Judge opines defendant's PREPA's Motion to Annul the Complaint and to Dismiss for Lack of Jurisdiction lack merits and is untimely.

## CONCLUSION

In view of the foregoing, it is recommended that PREPA'S Motion to Annul the Complaint and to Dismiss for Lack of Jurisdiction be DENIED. (Docket No. 202).

IT IS SO RECOMMENDED.

Due to the proximity of jury trial in this case, the parties are allowed ***five (5) business days*** to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").[3]

IT IS SO ORDERED.

---

**3.** The parties are usually reminded that any objections to the Magistrate's Report and Rec-

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ–RIVE, United States Magistrate Judge.

### INTRODUCTION

Plaintiffs Orlando Alejandro–Ortiz, his wife Sonia Rodríguez–Jiménez, their community property, and in representation of their minor children (hereafter "plaintiffs" and/or "plaintiff Alejandro–Ortiz") filed a complaint against defendants the Puerto Rico Electric Power Authority and its insurance company American International Insurance Co. of Puerto Rico (hereafter defendants "PREPA" and/or "AIICO"). Plaintiff Alejandro–Ortiz' claims, under diversity jurisdiction, resulting damages he suffered while employed with a private garbage collection company wherein he encountered electric power lines under the care and responsibility of PREPA causing him to suffer an electrical discharge. (Docket No. 1).

Defendant PREPA recently filed a request for dismissal of plaintiffs' complaint on grounds they failed to comply with the requirements asserting diversity of citizenship jurisdiction, that is, complete diversity between the parties. (Docket No. 200). Plaintiffs filed their response in opposition submitting an affidavit and attached documentation to rebut defendant's contention regarding the domicile and/or citizenship of plaintiff Alejandro–Ortiz. (Docket No. 207). The court has referred these motions to this Magistrate Judge for report and recommendation. (Docket No. 209).

### MOTION TO DISMISS STANDARD

■ The proper vehicle for challenging a court's subject matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1). Defendant herein has raised not a factual controversy *per se* but rather that plaintiff's evidence as to his domicile to establish diversity is unclear. In performing an evaluation on the issue, the court credits plaintiff's well pleaded factual allegations, supported by an explanatory affidavit and some other documentation of uncontested facts, and draws all reasonable inferences from them and dispose of the challenge accordingly. Attachment of exhibits to a motion to dismiss for lack of subject matter jurisdiction do not convert it to a summary judgment motion.[1]

■ The parties in the present case have had a full and fair opportunity to present all relevant facts and arguments, and on the eve of trial, defendant PREPA is now raising the contention of lack of jurisdiction of the Court because of alleged uncertainty as to plaintiff's domicile and/or citizenship for diversity purposes of the claim. Still, jurisdictional issues may be filed with the Court at any stage of the proceedings. "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Gonzalez,* 311 F.3d 440, 441 (1st Cir.2002) ("[A] court is expected

---

ommendation must be filed with the Clerk of Court "within fourteen (14) days after being served with a copy thereof." However, because of the trial scheduling, the Court has reduced said term to **five (5) business days.** Local Rule 72(d); *see also* 28 U.S.C. § 636(b)(1). Furthermore, the Court hereby set aside the three (3) days term provided by Local Rule 5.1. (*See U.S. v. Diaz–Villafane,* 874 F.2d 43, 46 (1st Cir.1989) (*quoting Braxton v. Bi–State Dev. Agency,* 728 F.2d 1105, 1107 (8th Cir.1984) "[i]t is for the district

court to determine what departures from it rules may be overlooked")).

1. A Rule 12(b)(1) motion is sometimes transformed into a Rule 56 motion where jurisdictional issues cannot be separated from the merits of the case. *González v. United States,* 284 F.3d 281 (1st Cir.2002) (citing *Valentin v. Hospital Bella Vista,* 254 F.3d 358, 363 n. 3 (1st Cir.2001)).

to raise the subject-matter jurisdiction objection on its own motion at any stage and even if no party objects.").

As to the need of a hearing to entertain the motion to dismiss, we note defendant PREPA is not attacking the credibility of plaintiff Alejandro–Ortiz *per se* nor has it alleged that plaintiff has lied about his domicile. The issue is raised by defendant PREPA as an alleged lack of sufficient information at this stage to be certain of the domicile of plaintiff Alejandro–Ortiz. As such, an evidentiary hearing is not deemed necessary in this case because no credibility determinations are at issue.

Moreover, a motion to dismiss attacking accuracy of facts alleged in support of diversity jurisdiction could be determined without conducting an evidentiary hearing where parties were afforded ample time to take depositions, compile written submissions, and prepare briefs. *See Valentín v. Hospital Bella Vista,* 254 F.3d 358 (1st Cir.2001). Such being the situation in this case, this Magistrate Judge has herein determined the parties' submissions are sufficient to entertain the issue raised without need for an evidentiary hearing.

## LEGAL DISCUSSION

Defendant PREPA now requests dismissal under Rule 12(b)(1) and 56 of the Federal Rules of Civil Procedure based on arguments related to the domicile of plaintiff Alejandro–Ortiz asserted in the complaint as the state of Texas. Defendant submits it is still unclear if he is domiciled in another state other than Puerto Rico and whether his intention to remain in the purported domicile is permanent or indefinite. As such, defendant PREPA considers plaintiff Alejandro–Ortiz should be considered to remain a citizen of Puerto Rico with domicile herein, and as a result, there is lack of diversity jurisdiction be-

tween the parties diverting this Court of jurisdiction.

Because federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995); *Droz Serrano v. Caribbean Records Inc.,* 270 F.Supp.2d 217 (D.Puerto Rico 2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as ... depositions and exhibits." *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996). When federal jurisdiction is premised on the diversity statute, courts must determine whether complete diversity exists among all plaintiffs and all defendants. *Casas Office Machines v. Mita Copystar America, Inc.,* 42 F.3d 668, 673 (1st Cir.1994).

For purposes of diversity jurisdiction, citizenship usually is equated with domicile. *Valentín v. Hospital Bella Vista,* 254 F.3d 358, 366 (1st Cir.2001). A person is a citizen of the state in which he is domiciled. *Lundquist v. Precision Valley Aviation, Inc.,* 946 F.2d 8, 10 (1st Cir.1991). Domicile generally requires two elements: (1) physical presence in a state, and (2) the intent to remain there indefinitely. *Valentín,* 254 F.3d at 366. A person's domicile is the "place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (citing *Rodríguez–Díaz v. Sierra–Martínez,* 853 F.2d 1027, 1029 (1st Cir.1988)). The person is not required to have the intention to stay there permanently, however. A plaintiff maintains his domicile until it can be proven that he has changed it. *Id.* While a person may have more than one residence, a person can have only one domicile. *See Hawes v. Club Ecuestre*

*El Comandante,* 598 F.2d 698, 701 (1st Cir.1979). To ascertain a person's domicile (particularly if there is evidence that a party's domicile is unclear), the Court must focus on the party's intent. *Palermo v. Abrams,* 62 F.Supp.2d 408, 410 (D.Puerto Rico 1999). The analysis calls for a "totality of the evidence" approach, and no single factor is conclusive. *Id.* Courts must make these determinations on a case-by-case basis. *Id.*

■ Some of the factors traditionally considered when determining a party's domicile are: (1) where the person exercises the right to vote; (2) the location of the person's real and personal property; (3) the state issuing the person's driver's license; (4) where the person maintains his bank accounts; (5) club or church membership; and (6) the person's place of employment. *Palermo,* 62 F.Supp.2d at 410 (citing *Bank One, Texas, N.A. v. Montle,* 964 F.2d 48, 50 (1st Cir.1992)). "Statements of intent are accorded minimal weight measured against these objective factors." *Alicea–Rivera v. SIMED,* 12 F.Supp.2d 243, 246 (D.Puerto Rico 1998).

■ The determination of domicile is a mixed question of law and fact. *Palermo,* 62 F.Supp.2d at 410. Domicile is determined as of the time the suit is filed. *Lundquist,* 946 F.2d at 10, *Valedón Martínez v. Hospital Presbiteriano de la Comunidad, Inc.,* 806 F.2d 1128, 1132 (1st Cir.1986).

■ Defendant PREPA in this case challenges in a general manner federal jurisdiction claiming plaintiff Alejandro–Ortiz filed a complaint under diversity but his domicile and citizenship is unclear. Defendant submits plaintiff had previously bought a house in the municipality of Cidra, Puerto Rico, where he lived for nine (9) years. Since the date the deposition was taken back on December of 2010, defendant PREPA avers plaintiffs have not produced to defendant the documents related to said property. Defendant submits Alejandro–Ortiz does not have a Texas' drivers license and neither has produced the voter's registration evidence. In addition, defendant PREPA avers plaintiff has no cellular phone in Texas, does not work in the state of Texas, and his source of income consists of Social Security payments.

■ Once jurisdiction is challenged, "the party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction." *Bank One,* 964 F.2d at 50. Plaintiff Alejandro–Ortiz filed a response in opposition to defendant's request for dismissal submitting a sworn statement, documentary evidence and rebutting by preponderance of the evidence that he should be considered, as proposed by defendant PREPA, a citizen of Puerto Rico. *García Pérez v. Santaella,* 364 F.3d 348, 351–52 (1st Cir.2004).

Plaintiff Alejandro–Ortiz submits he has indeed produced numerous documents in discovery, including some of the documents defendant is claiming sufficient to establish he is domiciled in Tomball, Texas, a suburb of Houston, Texas. Plaintiff Alejandro–Ortiz includes with his sworn statement, attached to his response in opposition to defendant's request for dismissal, copies of several documents that defeat the existence of lack of jurisdiction because of domicile being questioned. Insofar as his lack of recitation of the complete address in Tomball, Texas, plaintiff, who is illiterate with 5th grade education, also had difficulty to state the complete address where he previously resided in Cidra, Puerto Rico. Notwithstanding defendant's argument as to the real estate property plaintiff formerly held in Puerto Rico, previous counsel for defendant PREPA had

been provided with copy of the deed of said property, which is also attached to plaintiff's response in opposition. Plaintiff's affidavit submits he pays for several utilities at the rented house that serves as the family dwelling in Tomball, Texas, including a cellular phone, gas, water, phone service and electricity. (Exhibits 3, 4, 5, 6, 7, and 8). Plaintiff included in his statement he holds a voter's registration card in Texas, which items had been previously produced to defendant PREPA. Insofar as the driver's license, plaintiff Alejandro–Ortiz is a disabled individual since the date of the accident which he claims in the complaint, which affected the use of his hands. However, his wife plaintiff Sonia Rodríguez is a house maker who takes care of her husband Alejandro–Ortiz and their children. (Exhibit 9, Ms. Rodríguez' depo., p. 10).

Regarding intention to remain at Tomball, Texas, plaintiff Alejandro–Ortiz submits the married couple has not returned to Puerto Rico since they moved to Texas, except for the taking of depositions required by defendants. They hold no bank accounts nor property in Puerto Rico. Their children are registered for school attendance and have excelled in school in Texas, for which plaintiffs as their parents, have no intention of removing the children from their learning environment. (Exhibits 3 and 9).

Finally, plaintiff Alejandro–Ortiz submits he is under the care of a well-known hand surgeon in Houston, Texas, where he receives medical treatment at the facilities and auspices.

In this particular case, some of the factors traditionally taken into account when determining a person's domicile cannot be applied blindly because of plaintiff's medical condition and his inability to work and hold a driver's license in the state of Texas. Plaintiff is a disabled individual who receives Social Security benefits and is undergoing medical treatment. The fact that he does not derive a significant income cannot be held against him as reason for which he does not own but rather rents a property in Texas, where he also holds a bank account and pays for utilities there, not in Puerto Rico. As the Court of Appeals for the First Circuit expressed in a similarly situated individual:

> It is certainly possible that one might change his residence with no intent of returning, but not make those connections described in Bank One. Any number of explanations are possible— physical or mental incapacity, religious objections, to name a few. **The point is that where a party has declared his intent to change and remain in his new domicile, and the opposing written submissions do not demonstrate the falsity of the declaration with reasonable certainty, the absence of typical indicia of domicile is not determinative.** (Emphasis supplied).

*See Padilla–Mangual v. Pavía Hospital,* 516 F.3d 29 (1st Cir.2008).

Considering all the above and the evidence produced by plaintiffs, including the sworn statement of Alejandro–Ortiz and the plaintiffs' deposition testimonies, the documentary evidence, under the preponderance of the evidence, it is considered sufficient to defeat defendant PREPA's general averment regarding lack of jurisdiction on grounds that plaintiff is not domiciled in a state other than Puerto Rico and thus diversity would be lacking.

In view of the foregoing, given the totality of the circumstances and without any need for credibility determinations, this Magistrate Judge finds plaintiff Alejandro–Ortiz has established by preponderance of the evidence his domicile in Texas

for diversity purposes at the time of filing the instant case in federal court.

## CONCLUSION

Accordingly, it is recommended the defendant's request for dismissal for lack of diversity jurisdiction be DENIED. (Docket No. 200).

IT IS SO RECOMMENDED.

Due to the proximity of jury trial in this case, the parties are allowed *five (5) business days* to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").[2]

IT IS SO ORDERED.

---

**2.** The parties are usually reminded that any objections to the Magistrate's Report and Recommendation must be filed with the Clerk of Court "within fourteen (14) days after being served with a copy thereof." However, because of the trial scheduling, the Court has reduced said term to **five (5) business days.** Local Rule 72(d); *see also* 28 U.S.C. § 636(b)(1). Furthermore, the Court hereby set aside the three (3) days term provided by Local Rule 5.1. (*See U.S. v. Diaz–Villafane,* 874 F.2d 43, 46 (1st Cir.1989) (*quoting Braxton v. Bi–State Dev. Agency,* 728 F.2d 1105, 1107 (8th Cir.1984) "[i]t is for the district court to determine what departures from it rules may be overlooked")).